**REYNOLDS v. EMAUS et al.**

Civ. A. No. 1163.

United States District Court
W. D. Michigan, S. D.

Dec. 8, 1949.

Frank E. Liverance, Jr., Grand Rapids, Michigan, attorney for plaintiff.

Morse & Kleiner and Glenn B. Morse, of Grand Rapids, Michigan, attorneys for defendants.

STARR, District Judge.

This is a patent-infringement suit involving letters patent No. 2,165,069 issued July 4, 1939, to plaintiff Reynolds for a "fan" to be used as a blower or exhaust in connection with air conditioning.

In his complaint plaintiff alleged infringement of patent and unfair business competition and asked for an injunction against further infringement and unfair competition, an accounting for profits, triple damages, costs of suit, and attorneys' fees. Defendants answered, alleging invalidity of patent and denying infringement and unfair business competition. In support of their claim of lack of invention defendants put in evidence the following prior-art patents: Davidson, 662,395; Davidson, 801,303; Rateau & Sautter, 814,804; Denton, 1,333,294; Johnson, 1,584,944; Ness, 1,637,652; Williams, 1,870,157; Williamson, 1,888,523; C. Reynolds et al., 2,075,135; Levy et al., 2,115,367; Freed, 2,155,264; Sullivan, 2,157,441. Although no notice thereof was given, 35 U.S.C.A. § 69, defendants in their brief cite the additional prior-art patents listed in footnote below.[1]

The fan structure described in plaintiff's patent, and as explained in the specifications, comprises a housing with openings in its opposite sides and an opening in its front side below the hood or canopy. The fan within this housing comprises two wheels formed of built-up veneers or plywood secured at their hubs in spaced parallel and vertical relation to a shaft, the hub members being bolted to the spokes of their respective wheels. The opposite ends of the shaft are each supported within a bearing mounted on a vertical support secured to opposite sides of the housing. The specifications explain that a variable-speed friction drive wheel at one end of the shaft is connected by a belt with an electric motor. The rims of both wheels are provided with a plurality of circularly arranged kerfs or slots in their oppositely disposed inner-side surfaces, and a plurality of integrally formed blades are disposed between the rims, the ends of each blade being tensionally retained within oppositely disposed pairs of kerfs. The blades are

---

1. Collins, 376,236; Plested, 611,439; Rice, 978,397; Foss, 1,038,110; Seigler, 1,368,460; Germeyer, 1,602,008; McMundie, 1,877,347; Nuberg, 1,900,460; and Janette, 1,996,155.

arc-shaped in cross-section for the major portion of their length, and the short, flat end portions are provided with spaced-apart flanged lips offset from the end section. The arc-shaped middle portion of the blade is connected with the flat end portion by a so-called web, the flat end portions being substantially in the plane of the longitudinal edges of the blade. The rim of each wheel is reinforced by a band of strap metal secured to the periphery thereof. The specifications further describe the fan as substantially noiseless in operation, and state that it may be used either as a blower or as an exhaust.

The defendants' accused fan structure is practically identical with the structure described in the patent in suit, except as to the shape of the middle and end portions of the blades and their attachment in the kerfs of the wheel rims. The blades of defendants' structure are similarly arc-shaped in cross-section for the major portion of their length, but the flat end portions are provided with projecting tangs extending at an angle to the plane of the end portions. The so-called web portion between the middle and end portions of the plaintiff's blades is not present in the blades of the accused structure. The flat ends of the blades are substantially in the plane of the deepest line of concavity of the arc-shaped portions of the blade. In both devices the flat ends of the blades are driven into the open ends of the kerfs in the wheel rim, the flanged lips of the plaintiff's blades indenting into the material of the rims, and the tangs of the defendants' blades likewise indenting into the rims.

The questions presented are: (1) Is the patent in suit valid; (2) if valid, have defendants infringed; and (3) are defendants guilty of unfair business competition?

▆ Plaintiff's patent is presumed to be valid, and the burden is upon the defendants to establish their claim of invalidity by clear and satisfactory proof. Crosley Corporation v. Westinghouse Electric & Mfg. Co., 3 Cir., 152 F.2d 895; Babson Bros. Co. v. Perfection Manufacturing Corp., D. C., 86 F.Supp. 754; Mueller v. Campbell, D. C., 68 F.Supp. 464, affirmed

6 Cir., 159 F.2d 803. See 2 Walker on Patents, Deller's Ed., pp. 1272, 1273, § 276. However, this presumption of validity is rebuttable and not conclusive. Dennis v. Great Northern Ry. Co., D. C., 51 F.2d 796. It may be noted that in the present case the defendants put in evidence certain prior-art patents pertinent to the issue involved, which had apparently not been considered by the examiner. There can be no presumption of validity over this prior art which the examiner did not consider. Nordell v. International Filter Co., 7 Cir., 119 F.2d 948.

The Congress has not established any tests as a basis for determining invention, and it is, therefore, necessary to look to judicial decisions for guidance in determining whether or not a device constitutes invention. However, the court cannot disregard the fact that the decisions of the Supreme Court of the United States in recent years indicate a trend toward a higher standard of invention. In Foxboro Co. v. Taylor Instrument Companies, 2 Cir., 157 F.2d 226, 234, the court said:

"Finally, when all else is said, we cannot ignore the change in recent years in the standard of invention adopted by the Supreme Court. It is as idle to pretend that there has been no change (In re Shortell, 142 F.2d 292, 31 C.C.P.A., Patents, 1062), as it would be to protest against it; and it is as much the duty of a lower court to give effect to it, as it is its duty to give effect to any other of the decisions of that court. We are to dispose of the question of invention, so far as we can divine, as we think the Supreme Court would dispose of it." See also Trabon Engineering Corp. v. Dirkes, 6 Cir., 136 F.2d 24; Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208.

▆ In his brief plaintiff claims that his invention is to a fan "structure" and not to a process or method of manufacture. Under the statute, 35 U.S.C.A. § 31, a device to be patentable must be more than new and useful; it must satisfy the requirements of invention or discovery and must represent more ingenuity than the work of a mechanic skilled in the art.

Funk Brothers Seed Co. v. Kalo Inoculant Co., 333 U.S. 127, 68 S.Ct. 440, 92 L.Ed. 588; Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58; American Laundry Mach. Co. v. Strike, 10 Cir., 103 F.2d 453. An extended application of prior-art teachings, a change only in size, form, strength, proportions, degree, or the substitution of equivalents doing substantially the same thing in the same way by substantially the same means, does not amount to patentable invention. Allen-Bradley Co. v. Square D. Co., 7 Cir., 168 F.2d 334, certiorari denied 335 U.S. 845, 69 S.Ct. 68, 93 L.Ed. ——; Crosley Corporation v. Westinghouse Electric & Mfg. Co., supra, 152 F.2d 895; Schreyer v. Chicago Motocoil Corporation, 7 Cir., 118 F.2d 852; Mueller v. Campbell, supra, 68 F.Supp. at page 467. In Sinclair & Carroll Co., Inc., v. Interchemical Corporation, 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644, the court said:

"A long line of cases has held it to be an essential requirement for the validity of a patent that the subject-matter display 'invention', 'more ingenuity * * * than the work of a mechanic skilled in the art.' * * * This test is often difficult to apply; but its purpose is clear. Under this test, some substantial innovation is necessary, an innovation for which society is truly indebted to the efforts of the patentee."

■ Plaintiff's patent in suit is for an improvement on a fan device, and the question of fact as to whether or not it represents discovery or invention must be determined from examination of the one claim allowed, the specifications, the prior art, and the claims of the application and amendments which were rejected by the patent office. The file wrapper history shows that the five claims of the original application filed January 27, 1937, and amended claims 6 and 7 were all rejected because of lack of invention or prior-art anticipation[2] and that only one claim, an amendment reading as follows, was allowed:

"A fan comprising: a plurality of integrally formed blades each having a cross-sectionally arcuate middle portion, comparatively flat opposite end portions and web portions between the middle portion and the end portions respectively for rigidly connecting the same and stiffening the arcuate middle portion; and a pair of spaced wheels having a connecting shaft and at their inner sides a plurality of circularly arranged kerfs corresponding with the end portions of the blades and holdingly receiving the same in the assembled position of the fan's said parts."

■ It has long been established that patent claims allowed should be read and interpreted with reference to claims that have been canceled or rejected by the examiner, and that the claims allowed may not, by construction, be read to cover claims that have been eliminated by rejection. In Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 220, 221, 61 S.Ct. 235, 239, 85 L.Ed. 132, the court said:

"It is a rule of patent construction consistently observed that a claim in a patent as allowed must be read and interpreted with reference to claims that have been cancelled or rejected and the claims allowed cannot by construction be read to cover what was thus eliminated from the patent." (Authorities cited.)

In Smith, Administratrix, v. Magic City Kennel Club, 282 U.S. 784, 51 S.Ct. 291, 293, 75 L.Ed. 707, the court quoted with approval from I.T.S. Rubber Company v. Essex Rubber Company, 272 U.S. 429, 443, 47 S.Ct. 136, 71 L.Ed. 335, as follows:

"If dissatisfied with the rejection he should pursue his remedy by appeal; and where, in order to get his patent, he accepts one with a narrower claim, he is bound by it. Shepard v. Carrigan, supra (116 U.S. 593, 597, 6 S.Ct. 493, 29 L.Ed. 723); Hubbell v. United States, 179 U.S. 77, 83, 21 S.Ct. 24, 45 L.Ed. 95. Whether the ex-

2. Prior-art references before the examiner were McCord, 938; Beilmann et al., 483,-128; Spencer, 1,350,745; Johnson, 1,-584,944; Hanson, 1,603,076; and Ness, 1,637,652.

aminer was right or wrong in rejecting the original claim, the court is not to inquire. Hubbell v. United States, supra (179 U.S. 83, 21 S.Ct. 24, 45 L.Ed. 95). The applicant having limited his claim by amendment and accepted a patent, brings himself within the rules that if the claim to a combination be restricted to specified elements, all must be regarded as material, and that limitations imposed by the inventor, especially such as were introduced into an application after it had been persistently rejected, must be strictly construed against the inventor and looked upon as disclaimers. Sargent v. Hall Safe & Lock Co., 114 U.S. 63, 86, 5 S.Ct. 1021, 29 L.Ed. 67; Shepard v. Carrigan, 116 U.S. 598, 6 S.Ct. 493, (29 L.Ed. 723) supra; Hubbell v. United States, 179 U.S. 85, 21 S.Ct. 24, (45 L.Ed. 95) supra. The patentee is thereafter estopped to claim the benefit of his rejected claim or such a construction of his amended claim as would be equivalent thereto. Morgan Envelope Co. v. Albany Paper Co., 152 U.S. 425, 429, 14 S.Ct. 627, 38 L.Ed. 500."

See also Dixie Cup Co. v. Paper Container Mfg. Co., 7 Cir., 169 F.2d 645; Kessel v. Vidrio Products Corporation, 7 Cir., 113 F.2d 381, certiorari denied 311 U.S. 703, 61 S.Ct. 143, 85 L.Ed. 456; Holley v. Goldner Sales Co., 6 Cir., 107 F.2d 494.

Therefore, in considering the one claim allowed, we should examine the claims of the original application and amendments, which had been rejected by the examiner because of lack of invention or prior-art anticipation. Rejected claims 1 to 7 of the original application and amendments, when considered together, described a fan comprising a pair of wheels secured together at their hubs in spaced parallel relation, whose rims are each provided with a plurality of spaced kerfs in their oppositely disposed inner-side surfaces, and a plurality of fins (blades) arcuately formed in cross-section intermediate their opposite ends, said blades being interjacently disposed between the spaced rims, the ends of the blades being provided with flanged lips and being set into and tensionally (or frictionally) retained within oppositely disposed pairs of kerfs, the periphery of each wheel being covered by a reinforcing band of strap metal. From the foregoing it is apparent that all elements of plaintiff's patent had been rejected by the patent office except the "comparatively flat opposite end portions (of the blades) and web portions between the middle portion and the end portions respectively for rigidly connecting the same and stiffening the arcuate middle portion." In rejecting the seven claims, the examiner stated:

"Claims 1 to 4 and 6 are rejected on Spencer, Fig. 4, or Johnson, Fig. 7. Note that Spencer discloses plastic material, the equivalent of applicant's wheels. While Johnson's kerf is in the scroll no invention is involved in the use of such construction for applicant's purpose.

"Claim 5 is rejected as adding to rejected claims 1 to 4 only a feature old in McCord of record, the reinforcing band of strap metal.

"Claim 7 is rejected on Hanson as fully met thereby."

In response to arguments by plaintiff relative to the validity of the claims, the examiner further stated:

"The argument is nonresponsive as to the rejection of claim 7; this claim stands rejected on the references and for the reasons of record, and also on the ground of aggregation as the specific fan construction and the specific 'weights secured to the rims of the wheels' are independent. See Ex parte Davenport, C.D. 1904, p. 196.

"The claims stand rejected on the references and for the reasons of record and the above-cited patent to Germeyer, page 2, lines 15 to 19 and 45 to 52. The flanged lip feature is old in Beilmann et al. of record, or Fulton cited. Such assembly of old features has been held repeatedly unpatentable."

██ Plaintiff's patent is limited to the invention described in the one allowed claim read in the light of the specifications and the claims rejected by the examiner. Motion Picture Patents Co. v. Universal Film Mfg. Co., 243 U.S. 502, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A. 1917 E. 1187, Ann. Cas. 1918 A. 959; Schriber-Schroth Co. v. Cleveland Trust Co., supra, 311 U.S. 211,

61 S.Ct. 235, 85 L.Ed. 132; Decker v. Federal Trade Commission, D. C. Cir., 176 F. 2d 461. The terms of the patent grant in suit are clear and distinct, and plaintiff is bound by the plain meaning thereof and may claim nothing beyond it. Martin v. H. C. Miller Co., 7 Cir., 63 F.2d 5. The specifications may explain, but cannot expand or enlarge, the patent claim. Hutzler Bros. Co. v. Sales Affiliates, Inc., 4 Cir., 164 F.2d 260; Decker v. Federal Trade Commission, supra, 176 F.2d 461. As his patent discloses no generic invention, plaintiff is not entitled to a broad construction of the language of the one claim allowed. Goodrich v. Ford Motor Co., 6 Cir., 97 F.2d 427.

Plaintiff contends that his invention is to a fan structure that is substantially noiseless in operation, economical to manufacture, efficient in use, and may be readily installed in service. He contends in substance that his invention describes a structure having novelty and utility, and that it is a substantial improvement in the art. However, examination of the file history and the one claim allowed indicates that the only elements in plaintiff's fan structure which had not been rejected by the patent office were the flat end portions and the so-called web portions of the blades. In other words, plaintiff's patent describes merely a combination of old elements or equivalents thereof, which were rejected by the patent office, together with the added features of flattened blade ends and a so-called integral web between the ends and the arcuate middle portion. The question is whether this combination of elements creates a structure which represents discovery and invention and a substantial improvement in the art, or represents only the work of a skilled and experienced mechanic.

■ The general structural characteristics of plaintiff's fan device are old in the art and are illustrated by Ness, 1,637,652; Denton, 1,333,294; Davidson, 662,395; and Freed, 2,155,264. The middle portion of the blades formed arcuate in cross-section is shown in Ness, 1,637,652. The idea of kerfs, slots or grooves into which the blades are fitted is shown in Johnson, 1,584,944. The patent makes no reference to the wheels of the fan rotor being composed of wood, but in any event the mere substitution of wood for metal to form the ends of the rotor does not constitute invention. As stated by the examiner: "Note that Spencer (1,350,745) discloses plastic material, the equivalent of applicant's wheels." There is no invention in substituting one well-known material for another in the same or an analogous art. Paine & Williams Co. v. Baldwin Rubber Co., 6 Cir., 113 F.2d 840, 844. In Johnson Metal Products Co. v. Lundell-Eckberg Mfg. Co., 2 Cir., 98 F.2d 756, 758, it was held that substitution of metal for wood was not invention. See 1 Walker on Patents, Deller's Ed., 1949 supp. to page 179. The prior art shows many forms of blades and blade attachments. The use of flattened blade ends with the flanged-lip feature is old and does not represent invention. Means of stiffening a fan blade by changing its shape is shown in Levy et al., 2,115,367. Furthermore, plaintiff testified that one purpose of stiffening the blade was to facilitate the assembly, in which the flat blade ends were hammered into the kerfs or slots in the wheel rims. The patent does not describe this method of assembly but states merely that the kerfs in the wheel rims "holdingly" receive the blade ends. Plaintiff also testified in substance that he knew of no reason why his method of attaching the blades in the wheel rims would affect the performance of the fan.

■ The most that can be said for the patent in suit is that it combines several parts, mechanisms, and elements old in the art, or equivalents thereof, with a change in the shape of the ends and middle portion of the blades to strengthen them and to facilitate their insertion and retention in the kerfs of the wheel rims. This combination of old elements with a possible improvement in one element, cannot give rise to a valid patentable claim embracing the entire fan structure. Simplex Paper Box Corporation v. Boxmakers, Inc., 7 Cir., 116 F.2d 914; National Brass Co. v. Michigan Hardware Co., D.C., 71 F.Supp. 980. See

1 Walker on Patents, Deller's Ed., 1949 supp. to page 217.

In 2 Walker on Patents, Deller's Ed., § 166, page 789, it is stated:

"To constitute a valid and true combination claim, it is essential that there should be some joint operation performed by its elements, and that the combination should produce a new and useful result as the product of the combination. National Cash Register Co. v. American Cash Register Co., 3 Cir., 53 F. 367; American Chocolate Machinery Co. v. Helmstetter, 2 Cir., 142 F. 978. The opposite to a combination is an 'aggregation' of elements, that is, the grouping together of devices, in which each produces its customary effect, unmodified by the others, and no more, and no result follows from the union which was not previously produced by some of the elements. Hailes v. Van Wormer, 20 Wall 353, 87 U.S. 353, 22 L.Ed. 247; Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196; John E. Thropp's Sons Co. v. Seiberling, 264 U.S. 320, 44 S.Ct. 346, 68 L.Ed. 708.

In Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549-550, 58 S.Ct. 662, 664, 82 L.Ed. 1008, the court said: "The improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination." In Vischer Products Co. v. National Pressure Cooker Co., D.C., 71 F.Supp. 973, 978, the court said: "Improving one element in a combination gives no right to reclaim the old combination with the new element." See also Bassick Manufacturing Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251. Mere difference in design and construction of patented device over prior art, involving no new principle and accomplishing nothing more than skill in the art would readily discern, does not amount to invention. H. W. Gossard Co. v. Loeber's, Inc., 7 Cir., 114 F.2d 166, certiorari denied, 312 U.S. 680, 61 S.Ct. 450, 85 L.Ed. 1119. Improvements over the prior art, to be patentable, must be the product of some exercise of the inventive faculties and something more than what is obvious to persons skilled in the art. Crosley Corporation v. Westinghouse Electric & Mfg. Co., supra, 152 F.2d at page 903. A patent should not be granted for the discovery of a result that would flow naturally from the teachings of the prior art. In re Kepler, 132 F.2d 130, 30 C.C.P.A., Patents, 726. A patentee must make some addition to the common stock of knowledge and not be merely the first to use in combination what was known before without producing a new and different result. Electric Vacuum Cleaner Co., Inc., v. P. A. Geier, 6 Cir., 118 F.2d 221, 224. In Thompson v. American Tobacco Co., 4 Cir., 174 F.2d 773, 777, the court said: "Mere structural changes which involve nothing more than the exercise of the skill of the art do not rise to the dignity of invention."

In view of the prior art, the rejection of the claims and amendments of the original application, and the fact that plaintiff's patent is an improvement patent in a crowded field, it must be strictly construed. The evidence does not satisfactorily establish that this fan device represents any substantial improvement in the art. The possibly slight improvement in the form of the end and middle portions of the blades certainly does not entitle plaintiff to a combination or structural patent on his entire fan device. Although his structure may represent some slight improvement over prior devices, it does not constitute discovery or invention. Like results, although possibly not as satisfactory, have been attained in the prior art. The structure lacks such novelty, utility, and substantial advance in the art as is necessary to establish invention. It represents nothing beyond the ability and adaptation of a skilled and experienced mechanic.

Plaintiff contends that his fan structure has experienced commercial success which should be considered in determining the validity of his patent. He has been engaged in the manufacture and sale of this fan device for about ten years, and he testified that in 1948 he sold 75 to 85 fans for an aggregate amount of about $12,000.

His customers were principally theaters, and he said: "Most of our sales go to Cuba now." It can hardly be said that this relatively small volume of business in a fan device to be used in connection with air conditioning, shows sufficient commercial success to be considered seriously in determining the validity of the patent in suit.

In summary, the court concludes that the patent in suit is invalid because it does not represent discovery or invention within the meaning of the patent law. Having concluded that the patent is invalid, the question of infringement by defendants does not arise.

The plaintiff alleges that defendants are guilty of unfair business competition. In view of the court's holding that the patent in suit is invalid, the question of unfair business competition must be considered independently of the claim of infringement. The defendants were both employed by the plaintiff for several years and left his employ some time prior to 1948. In the course of their employment they became familiar with his machinery, equipment, methods of manufacture, and sales, and after leaving his employ, they constructed machinery and equipment to manufacture fans and, in particular, a machine or device for cutting the kerfs in the rims of the wheels. They produced and marketed a fan that was substantially identical with plaintiff's structure except as to the shape and formation of the end and middle portions of the blades. They distributed an advertising bulletin or folder, using substantially the same description of their fan and its operation as that used by plaintiff in his advertising. However, they testified that they did not take lists of plaintiff's customers when they left his employ, and although they circularized his customers with advertising, they said that they obtained the names from a theater magazine. Defendant Sowa testified that in 1948 they sold only 45 to 50 fans for an aggregate amount of about $4,500. It should be kept in mind that defendants had not contracted against their engaging in a competing business. The plaintiff's principal complaint seems to be that the defendants sold their fan device at a lower price and thereby cut in on his business. This price competition between these relatively small businesses can hardly be said to constitute such unfair business competition as would justify injunctive relief. From the evidence presented the court concludes that defendants were not guilty of unfair business competition as charged.

## Findings of Fact

1. Plaintiff is the patentee and owner of letters patent No. 2,165,069.

2. This patent is a combination patent for an improvement in fan structure and is in a crowded field of the art.

3. The only elements of plaintiff's patent which are not old in the art and were not rejected by the patent office are the flat blade ends and the so-called web portion between the middle and end portions of the blades.

4. The flat blade ends and the so-called web portions of the blades do not represent discovery or invention.

5. The fan structure described in plaintiff's patent lacks such novelty, utility, and substantial advance in the art as is necessary to establish invention.

6. The combination of elements comprising plaintiff's patent does not represent discovery or invention within the meaning of the patent law. It represents nothing more than the mechanical adaptation and ability of one experienced and skilled in the art.

7. The evidence does not establish unfair business competition by defendants.

## Conclusions of Law

1. This court has jurisdiction of the parties and of the subject matter of this suit.

2. Plaintiff's patent is a combination improvement patent in a crowded field of the art and, therefore, must be strictly construed.

3. The patent does not disclose patentable invention and is invalid.

4. As the patent is invalid, there is no infringement by defendants.

5. Defendants are not guilty of unfair business competition.

Judgment will be entered for defendants dismissing the complaint. Defendants may recover costs.