## BREEDEN v. ATTWOOD BRASS WORKS.
### No. 1423.

United States District Court
W. D. Michigan, S. D.
June 26, 1952.

Ballard, Jennings, Bishop & Fraser and Richard A. Parsons, all of Lansing, Mich., for plaintiff.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for defendant.

STARR, District Judge.

This is a patent suit involving United States Letters Patent No. 2,206,762 issued July 2, 1940, to plaintiff Breeden for "holders for caskets or the like" on application filed October 12, 1938.

In his complaint plaintiff alleged infringement and asks for an injunction against further infringement, an accounting, treble damages, costs of suit, and attorney's fees. Defendant answered, alleging invalidity of patent and denying infringement, and asks for costs of suit. In support of its claim of invalidity of patent because of prior-art anticipation and lack of invention, defendant cites the following: Dibble No. 82,095, Griswold No. 95,999, Frampton No. 187,117, Ferguson No. 215,514, Cox No. 232,463, Heabler No. 674,766, Simola No. 703,312, Anderson No. 800,604, Parsels No. 1,637,239, and Schofield No. 2,132,543.

A hearse is usually provided with rollers projecting slightly above the floor or plat-

form, to facilitate moving a casket in and out of the hearse. The patent in suit relates to a device for securing a casket on the platform of the hearse so as to prevent marring the casket and to preclude shifting or movement of the casket during its transportation in the hearse. The patent provides for two aligned rows of closely spaced vertical holes or sockets in the platform of the hearse, the rows being located approximately equidistant from and parallel to the sides, one row being toward the forward end of the platform and the other toward the rear end, the sockets being so spaced as to accommodate caskets of different lengths. Plaintiff testified that these sockets may be in metal plates fastened to the platform of the hearse, but that such plates are standard equipment for hearses and are not included in his patent. The patent provides for an abutment comprising an upright post to be inserted in one of the sockets in the forward row, having at its upper end a relatively broad plate or clamp, surfaced on one side with sponge rubber or other vacuum-gripping material to press against the forward end of the casket. It also provides for an abutment comprising a post to be inserted in one of the rear row of sockets, the upper end of said post having a relatively broad plate or clamp, one side likewise surfaced with gripping material, said plate being adjustably connected with the post by guide rods rigidly attached to the plate and slidingly fitting

corresponding holes in the post, and with a manually operated screw means for advancing and retracting the plate. The forward post is positioned in a socket so as to place the casket approximately centrally of the length of the platform. The casket is moved into the hearse with its front end against the gripping surface of the plate on the forward abutment, and after the casket engages that plate, the abutment with an adjustable plate is positioned in a socket adjacent to the rear of the casket, and the screw means operated to advance the plate so that the casket is gripped at its front and rear ends by the gripping surfaces of both plates. The reverse turning of the screw means releases the casket from the gripping plates. The patent describes the posts of the abutments at the front and rear as being rotatable in their respective sockets so that the gripping surfaces of the plates will square up with the ends of the casket and hold it against both longitudinal and lateral movement. Although the patent illustrations show the casket-holding device as employed in an end-loading hearse, the specifications state that it may also be used in a side-loading hearse.

It is unnecessary to describe defendant's accused structure as it is admitted to be substantially identical with the structure manufactured by plaintiff under his patent, the two claims of which are set out in the margin.[1] If the patent is valid, infringement is admitted. In considering the

1. "1. Holding means for caskets or the like comprising a pair of abutments each mounted on a post insertable into one of a plurality of sockets in a casket support, said abutments having a compressible face and a width several times that of said post providing an extensive bearing surface for engagement with the casket, one of said abutments having guide rods slidable through its post toward and from a casket disposed between the abutments, and means for advancing and retracting said one of said abutments, the said abutments being rotatable in said sockets, whereby the abutments will square up with the casket when the one abutment is advanced to clamp the casket and hold the same against both longitudinal and lateral movement.

"2. Casket clamping means or the like comprising a post having spaced trans-

verse holes therethrough, a clamping plate several times as wide as said post and having a compressible face providing an extensive casket-engaging surface, said plate having guide rods extending rearwardly therefrom and through said holes whereby said plate is slidably supported on said post, and a screw threaded through said post and swiveled to said plate whereby the plate may be advanced and retracted, the said post having its lower end formed to enter a socket in a casket support and adapted for rotation therein, whereby when said means is used with a similar clamping means mounted in a casket support, the plate will square up with the casket when the plate is advanced to clamp the casket, and will hold the same against both longitudinal and lateral movement."

question of validity, the court recognizes that the decisions of the Supreme Court of the United States in recent years indicate a definite trend toward a higher standard of invention. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, rehearing denied 340 U.S. 918, 71 S.Ct. 349, 95 L.Ed. 663; United Specialties Co. v. Industrial Wire Cloth Products Corp., 6 Cir., 186 F.2d 426; Foxboro Co. v. Taylor Instrument Cos., 2 Cir., 157 F.2d 226; Trabon Engineering Corporation v. Dirkes, 6 Cir., 136 F.2d 24; Perkins v. Endicott Johnson Corporation, 2 Cir., 128 F.2d 208; In re Shortell, 142 F.2d 292, 31 C.C.P.A., Patents, 1062.

■ Plaintiff's patent is presumed to be valid, but this presumption is not conclusive and is rebuttable. However, the burden is upon the defendant to establish its claim of invalidity by clear and satisfactory proof. Crosley Corporation v. Westinghouse Electric & Mfg. Co., 3 Cir., 152 F.2d 895; Spring-Air Co. v. Ragains, D.C., 96 F.Supp. 79, and authorities cited at page 81; Reynolds v. Emaus, D.C., 87 F.Supp. 451; Dennis v. Great Northern Ry. Co., D.C., 51 F.2d 796; 2 Walker on Patents, Deller's Ed., pages 1272, 1273, § 276.

■ It should be noted that the defendant put in evidence several prior-art patents pertinent to the issue involved, which had apparently not been considered by the examiner in the Patent Office. There is no presumption of validity over this prior art which the examiner did not consider. Nordell v. International Filter Co., 7 Cir., 119 F.2d 948. Furthermore, validity is not to be presumed from the mere fact that the defendant admits infringement if the patent is valid. By reproducing the plaintiff's device the defendant challenged the validity of the patent and invited suit for infringement so that the question of validity could be judicially determined. In United States Gypsum Co. v. Consolidated Expanded Metal Cos., 6 Cir., 130 F.2d 888, 889, 890, the court said:

"Though it be elementary to do so at this late date in the development of the patent law, it is necessary to recall that three elements are requisite to validity, to-wit: novelty, utility, and invention. It has been held in adjudications without number, that one who appropriates the teachings of a patent may not deny the utility of the invention. This is, of course, both reasonable and logical. It does not follow, however, that one who is foreclosed from denying the usefulness of a concept is likewise foreclosed from questioning its novelty or the exercise of invention in the development of product, method, or machine. It is illogical to base a presumption of patent validity upon the unauthorized adoption of patent disclosures, since all controversies as to validity arise through infringement, and may not otherwise arise. One who reproduces a patented device proclaims to the world his disbelief in the validity of the patent, his purpose not to be circumscribed by it, and invites a suit for infringement so that validity may be adjudged, and the closer the reproduction the plainer is his challenge to validity. It is only by becoming an infringer that one gains opportunity to assail a patent in his own interest and that of the public. To base a presumption of validity upon such course is as though one were to say that open and adverse possession of land is an admission of a claimant's title. We therefore approach the issue of validity without adding to the usual presumption attaching to the grant of the patent, a presumption of validity based on the absence of an issue of infringement."

■ Plaintiff's patent is a combination patent comprising an aggregation of old parts or elements, and to constitute patentable invention, these elements must cooperate in such a manner as to produce a new, unobvious, and unexpected result. In the absence of invention, utility and novelty are not alone sufficient to sustain the validity of a combination patent. In re Kaufmann, 193 F.2d 331, 39 C.C.P.A., Patents, ——. In Great Atlantic & Pacific Tea

Co. v. Supermarket Equipment Corp., supra, the court said, 340 U.S. at pages 150–152, 71 S.Ct. at page 129:

"It is agreed that the key to patentability of a mechanical device that brings old factors into cooperation is presence or lack of invention. * * *

"The negative rule accrued from many litigations was condensed about as precisely as the subject permits in Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549, 58 S.Ct. 662, 664, 82 L.Ed. 1008: 'The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention.' To the same end is Toledo Pressed Steel Co. v. Standard Parts, Inc., 307 U.S. 350, 59 S.Ct. 897, 83 L.Ed. 1334, and Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58. The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable. * * *

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, * * * obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men."

See also Sinclair & Carroll Co., Inc., v. Interchemical Corporation, 325 U.S. 327, 330, 655 S.Ct. 1143, 89 L.Ed. 1644; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973; Packwood v. Briggs & Stratton Corp., 3 Cir., 195 F.2d 971; United Specialties Co. v. Industrial Wire Cloth Products Corp., 6 Cir., 186 F.2d 426. In Spring-Air Co. v. Ragains, supra, this court said, 96 F.Supp. at page 82:

"A device or structure, to be patentable, must be more than new and useful; it must satisfy the requirements of invention or discovery and must represent more ingenuity than the work of a mechanic skilled in the art. (Authorities cited.) An extended application of prior-art teachings, mere perfection of workmanship, a change only in size, form, strength, proportions, degree, or the substitution of equivalents doing substantially the same thing by substantially the same means, does not amount to patentable invention. (Authorities cited.) In Sinclair & Carroll Co., Inc., v. Interchemical Corporation, 325 U.S. 327, 330, 65 S.Ct. 1143, 1145, 89 L.Ed. 1644, the court said: 'A long line of cases has held it to be an essential requirement for the validity of a patent that the subject-matter display "invention", "more ingenuity * * * than the work of a mechanic skilled in the art." * * * This test is often difficult to apply; but its purpose is clear. Under this test, some substantial innovation is necessary, an innovation for which society is truly indebted to the efforts of the patentee.'"

The idea of holding an object firmly in place by the pressure of abutments, plates or clamps is old and is illustrated by the carpenter's vise and the bench clamp. Anderson No. 800,604, Simola No. 703,312, Ferguson No. 215,514, Frampton No. 187,-117, Griswold No. 95,999.

Parsels No. 1,637,239 issued in 1927 for a "casket-retaining device for hearses" shows the floor of a hearse with rollers supporting the casket and adjustable blocks or abutments with cushioned clamping plates at the front and rear of the hearse floor to hold the casket in place. Claims 3 and 5 of Parsels provide:

"3. A hearse having panel posts, a casket retaining element on one of the

posts in the front end of the hearse, a block having a pair of diverging downwardly directed apertures, a guide on the floor of the hearse for said block having a plurality of pairs of apertures with which the apertures of the block may aline, securing pins in the said apertures of the block and in selective apertures of the guide, and a clamp on the block adjustable with relation to a casket for embracing an edge of the casket. * * *

"5. A hearse having panel posts, a casket retaining element in the front end of the hearse, rollers rotatable with relation to the floor of the hearse having means engaging the bottom of a casket for preventing lateral movement thereof, a block for retaining the rear end of the casket, said block including means for holding it at different positions in the hearse, a flexible plate having one end anchored to the block, a cushioning element on the face of the plate, a screw threaded in a portion of the block and bearing against the plate for pressing it toward the casket with the cushion in engagement with said casket."

Schofield No. 2,132,543 issued October 11, 1938, for a "bier pin for hearses" provides for pins to be inserted in holes in plates mounted on the floor of a hearse, said pins being insertable in any one of four different positions so as to hold any sized casket, the body of the pins being of molded rubber or other suitable cushioning material to hold the casket firmly in place.

Heabler No. 674,766 issued May 21, 1901, for a "coffin or casket clamp for hearses" was apparently not considered by the examiner. This patent provides for plates or so-called clamp-heads to secure a casket on the floor of a hearse, the inner engaging sides of the clamp-heads being surfaced with rubber or other suitable buffer material, and being pivotally mounted and spring pressed so as to adjust automatically to the sides of the casket, and a screwshaft means to be manually operated by a crank to advance and retract the rubber-surfaced clamp-heads against the sides of the casket.

This device for clamping and holding the casket could obviously be used at the ends of the casket as well as at the sides. The specifications provide in part:

"Owing to the fact that the clamp-heads are pivotally mounted the same when used for clamping a coffin with converging sides are adapted to turn on their pivots and adjust themselves to the sides of the coffin. * * * When the clamp is used for securing a casket with parallel sides in place, the normal parallel disposition of the clamping-heads adapts the latter to readily engage the sides of the casket. It will be understood that the screw-shaft by means of the reverse disposition of the screw-threads thereon will serve when the screw-shaft is appropriately rotated to move the clamp-heads toward or from each other in order to engage or release a coffin or casket."

The plaintiff testified that the post of the forward abutment in his device is slotted so as to permit contraction and act as a spring when inserted in the socket in the platform of the hearse. He also testified that the post is ball bearing. However, it should be noted that the claims of the patent do not include such slotted-pin and ball-bearing features, and in his testimony plaintiff admitted that these have been "worked out since" the patent was issued. The specifications merely mention the post as being slotted, but the specifications cannot enlarge the patent claims, which measure the invention. United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232; Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132; General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402; Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122.

The plaintiff stresses, as evidence of invention, the fact that the clamping plates of the abutments of his device have a compressible face several times the width of the post, to provide an extensive bearing surface for engagement with the ends of

the casket. However, the plaintiff negatives this claim of invention by stating in his specifications: "While I have shown the layers (of sponge rubber) and the forward and rear abutments engaging a relatively broad edge portion of the casket, I have found that the gripping action of the abutments is substantially the same even where a relatively narrow edge bead is presented thereto." Furthermore, Heabler, Parsels, Schofield, and other prior-art patents cited above show abutments, plates, clamps or posts of varying widths and lengths, and Heabler and Parsels show abutments or clamps with gripping surfaces covered with a cushioning material such as rubber for holding a casket in place.

The plaintiff's patent provides that the abutment posts are rotatable in the sockets in the hearse platform so that the clamping plates of the abutments will square up with the ends of the casket. This element of a pivotally mounted abutment or clamp is shown in Heabler. Furthermore, the rotatability of a post or pin in a hole or socket is old and certainly does not evidence invention. The idea of an abutment or clamp adjustable by means of a screw guided by rods is shown in Anderson and Ferguson.

The plaintiff's patent is a combination of old elements clearly shown in the prior art, with no change in their respective functions. The mere widening of the surface of the cushioned clamping plates and the slight change in the rotatability of the abutment posts does not constitute invention and does not entitle plaintiff to a patent monopoly on the entire combination. In Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 549–550, 58 S.Ct. 662, 664, 82 L.Ed. 1008, the court said: "the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination."

In Vischer Products Co. v. National Pressure Cooker Co., D.C., 71 F.Supp. 973, 978, the court said: "Improving one element in a combination gives no right to reclaim the old combination with the new element." See also Bassick Manufacturing Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251; 1 Walker on Patents, Deller's Ed., pages 211–218. Mere difference in design and construction of patented device over prior art, involving no new principle and accomplishing nothing more than what one skilled in the art would readily discern, does not amount to invention. H. W. Gossard Co. v. Loeber's Inc., 7 Cir., 114 F.2d 166, certiorari denied 312 U.S. 680, 61 S.Ct. 450, 85 L.Ed. 1119. Trivial modification of a product does not show invention. Benjamin Electric Mfg. Co. v. Bright Light Reflector Co., Inc., 7 Cir., 111 F.2d 880.

■ A patentee is presumed to know and is chargeable with knowledge of everything disclosed by prior-art patents. Zephyr American Corporation v. Bates Mfg. Co., 3 Cir., 128 F.2d 380; Cutler Mail Chute Co. v. Capitol Mail Chute Corporation, 2 Cir., 118 F.2d 63; Detroit Stoker Co. v. Brownell Co., 6 Cir., 89 F.2d 422. It seems obvious that a skilled mechanic with the prior art before him, could have assembled the old elements and created the device described in plaintiff's patent. It is significant that the plaintiff testified that "as a machinist and mechanic" he designed the casket-holding device described in his patent. In Shaffer v. Armer, 10 Cir., 184 F.2d 303, at page 307 the court said:

" 'The design of the patent laws is to reward those who make some subtantial discovery or invention, which adds to our knowledge and makes a step in advance in the useful arts.' Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 231, 27 L.Ed. 438. The device must not only be 'new and useful,' it must also amount to 'invention or discovery,' Thompson v. Boisselier, 114 U.S. 1, 11, 5 S.Ct. 1042, 1047, 29 L.Ed. 76; and 'perfection of workmanship, however much it may increase the convenience, extend the use, or diminish expense, is not patentable.' Reckendorfer v. Faber, 92 U.S. 347, 356–357, 23 L.Ed. 719; Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct.

37, 86 L.Ed. 58. And to make sure that a monopoly is not granted for mere perfection of workmanship, the courts closely scrutinize claims to combinations for improvements in a crowded art. Halliburton Oil Well Cementing Co. v. Walker, 329 U.S. 1, 10, 67 S.Ct. 6, 91 L.Ed. 3. Hollywood-Maxwell Co. v. Streets of Tulsa, 10 Cir., 183 F.2d 261."

■ The plaintiff has merely brought together elements and parts from the prior art and is now claiming them in congregation as a monopoly. He has added nothing to the total stock of knowledge in this field. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; Packwood v. Briggs & Stratton Corp., 3 Cir., 195 F.2d 971. In the absence of invention any commercial use or success the plaintiff's device may have achieved will not entitle him to a patent monopoly on his combination. Toledo Pressed Steel Co. v. Standard Parts, Inc., 307 U.S. 350, 59 S.Ct. 897, 83 L.Ed. 1334; Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58.

It is significant that, because of prior-art anticipation and noninvention the Patent Office rejected the plaintiff's first nine original and substituted claims for a casket-holding device and allowed only amended claims 10 and 11, being claims 1 and 2 hereinbefore quoted. The nine rejected claims embodied in combination the old elements of a pair of abutments or clamps, each mounted on a post insertable into one of a plurality of sockets in a hearse platform, one of said abutments being adjustable on its post so as to hold a casket squarely between the abutments, and each abutment having a casket-engaging face or plate surfaced with a yieldable, vacuum-gripping material such as sponge rubber; the element of one of said abutments having guide rods slidably received in transverse holes through its post; and the element of a screw means for advancing and retracting one of said abutments. In rejecting these nine claims the examiner cited Schofield No. 2,132,543, Parsels No. 1,637,239, Cramer No. 868,413, Anderson No. 800,604, Morris No. 288,722, and Ferguson No. 215,514.

■ In summary, it is clear that substantially every element or part of the two claims in the plaintiff's patent was embodied in the prior nine claims which were rejected by the examiner. It may also be noted that in his patent plaintiff does not "particularly point out and distinctly claim", as required by 35 U.S.C.A. § 33, the alleged features of the increased rotatability of the abutment posts, and the widened clamping surface of the abutment plates, but embodies these elements in a combination of the old elements rejected by the examiner. The court finds no justification whatever for the issuance of the patent in suit.

■ The court concludes that plaintiff's patent is invalid because of prior-art anticipation and because lacking invention. Therefore, the question of infringement does not arise, as an invalid patent cannot be infringed. Judgment will be entered in favor of the defendant dismissing the complaint. The defendant may recover court costs but not costs of suit.

### Findings of Fact

1. The plaintiff is the owner of Letters Patent No. 2,206,762 for "holders for caskets or the like."

2. This is a combination patent, combining elements old in the art of means for holding a casket on the floor or platform of a hearse, with a slight change in the rotatability of the posts supporting the abutments or clamping surfaces, and in the widening of the cushioned face of the abutments or clamps.

3. This combination of old elements with these slight changes does not represent discovery or invention and does not entitle plaintiff to a patent monopoly on the entire combination.

4. Plaintiff's device lacks such novelty, utility, and advance in the art as is necessary to establish invention.

5. The device described in plaintiff's patent was fully disclosed and anticipated in the prior art and represents only the mechanical skill of one conversant with the art.

6. There was no justification for the issuance of plaintiff's patent in suit.

7. Plaintiff's patent is invalid.

### Conclusions of Law

1. The court has jurisdiction of the parties and the subject matter of this suit.

2. Plaintiff's patent is a combination patent and must be strictly construed.

3. The device described in plaintiff's patent does not represent discovery or patentable invention within the meaning of the patent law.

4. Plaintiff's device was fully anticipated in the prior art and represents only the skill of a mechanic.

5. Plaintiff's patent is invalid and, therefore, is not infringed.

6. Defendant is entitled to a judgment dismissing the complaint and may recover court costs but not costs of suit.