KOOLVENT METAL AWNING CORPORA-
TION OF AMERICA et al. (KOOL VENT
METAL AWNING CO. OF MISSISSIPPI,
Intervener) v. GRAHAM et al.

Civ. A. No. 25242.

United States District Court
N. D. Ohio, E. D.

Sept. 23, 1948.

Daniel H. Wasserman, of Cleveland, Ohio, and Coleman Harrison, of Pittsburgh, Pa., for plaintiff.

Ely & Frye and Albert L. Ely, Jr., all of Cleveland, Ohio, for defendants.

Jones, Day, Cockley & Reavis and Roger P. Brennan, all of Cleveland, Ohio, Semmes, Keegin, Robinson & Semmes and Curtis M. Clark, all of Washington, D. C., for intervenors.

·WILKIN, District Judge.

This case was submitted upon the pleadings, stipulations, evidence, and briefs. The Complaint prayed for a Declaratory Judgment. It alleged that the plaintiff is engaged in licensing dealers to manufacture ventilated metal awnings; that defendants assert said awnings to be an infringement of Matthews Reissue Patent No. 21053; and that said Reissue Patent is not valid, and if valid, is not infringed by the construction manufactured by the plaintiff's licensees. The Answer denied the averments of the Complaint and alleged the validity of Matthews Reissue Patent 21053 and its infringement by the metal awnings of the plaintiff's licensees which are constructed in accordance with Houseman Reissue Patent No. 20975. The defendants filed also a Counterclaim praying for injunction and accounting.

The vital issues are the usual questions of validity and infringement.

If the question of validity had been raised first in this court, it would have been given very thorough and careful consideration. This court, constrained by recent decisions of the Court of Appeals of this Circuit, Elec. Vacuum Cleaner Co. v. P. A. Geier Co., 118 F.2d 221; General Metals Powder Co. v. S. K. Wellman Co. et al., 157 F.2d 505 and of the Supreme Court, has applied very high and strict tests and standards for the determination of invention. But when this case was filed in this court, that question had been adjudicated in four courts of concurrent jurisdiction and in one Court of Appeals.

Since this court was asked to give a declaratory judgment as to an issue on which other competent courts had already given judgment, this court was confronted at the outset with other tests and standards for which this court has also maintained a very high and strict regard. Glidden Co. v. United States, 162 F.2d 171. The duty of this court therefore was not simply to determine the validity of the patents, but it was first to determine whether the prior adjudications were erroneous. The rule of comity and stare decisis require this court to honor the antecedent rulings, unless new evidence is presented which this court considers sufficient to have induced a different result in the prior cases. The evidence presented here was presented in the United States Circuit Court of Appeals for the Fifth Circuit, either in the original trial or on the motion for rehearing.

Even if this court were of opinion that the disclosures of the Matthews patent were mere mechanical adjustments and lacking in that degree of originality which constitutes invention, that alone would not justify a declaratory judgment in this case. Before this court could grant the relief prayed for in the Complaint it would have to be thoroughly convinced that the prior courts erred by overlooking some essential fact or point of law when they sustained the Matthews patent. Honest and competent minds may readily disagree as to invention. The burden of patent litigation is that the standards for measurement are not exact. Originality or patentability

42

cannot be determined as we measure a pound of beans or a yard of cloth. For that very reason it is easy to disagree as to invention, but it is very difficult indeed to conclude that one who disagrees is erroneous. The variables of measurement allow a great latitude for respectable difference of opinion.

Furthermore, this court is constrained not only by the usual rule of comity and precedent, but is influenced in this case by a court of higher precedence, a Court of Appeals for which this court has a very high regard. In a very clear and forceful opinion, Judge Hutcheson sustained the validity of the Matthews Reissue patent 21053. This court not only finds no error in the opinion but is sincerely impressed by the reasons assigned for the judgment. This court, moreover, feels that a more liberal construction of the law as to invention is consonant with the intent and purpose of the constitutional provisions regarding patents. This court has inclined to the opinion that there is much merit in the Continental practice of awarding to inventors a reward for any substantial improvement of art or industry.

As to infringement, there is not much difficulty. If the validity of the Matthews Reissue Patent is sustained, its infringement by the plaintiff's construction seems quite clear. The awnings in the case determined by the Circuit Court of Appeals for the Fifth Circuit are admitted to have been similar to the awnings involved in this case. The opinion in that case says: "We think it plain that defendant's device infringes the Matthews' patent, and that its use without plaintiffs' permission and consent ought to be enjoined." That court then disposes of the other points raised by the plaintiffs in this case, viz., presumption of noninfringement, file wrapper estoppel, prior public use, etc. The Court of Appeals concluded "that defendant's device (plaintiff's in this case) is substantially identical in function with, and is an infringement of, claims 3, 4, 5, 9 and 10 of the Matthews' patent." On authority of Matthews and Graham v. Koolvent Metal Awning Company, 5 Cir., 158 F.2d 37, 40, and the findings and conclusions in that case, judgment is awarded

the defendants. The Complaint will be dismissed at the plaintiffs' costs and judgment awarded the defendants on their Counterclaim.