**MILES et al. v. MATTHEWS et al.**

No. 12488.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1948.

Cecil L. Wood, of Fort Worth, Tex., for appellants.

Paul Carrington and Carlisle Blalock, both of Dallas, Tex., and A. L. Ely, of Akron, Ohio, for appellees.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for patent infringement. The claim was that plaintiffs had a valid patent for an invention for awnings and that defendants had been, and were, infringing thereon.

The defenses were that the plaintiffs' patent was invalid for lack of invention, and that defendants are not infringing.

There was a counter-claim in which defendants alleged that plaintiffs were engaged in a campaign against them of intimidation and suppression, with a prayer for declaratory judgment adjudging that the claims of the patent upon which plaintiffs sue are invalid and that defendants have not infringed the patent, and for an injunction restraining plaintiffs from interfering with defendants.

The district judge, of the opinion that the plaintiffs' patent was valid and infringed, so found, and damages of $8250 having been stipulated, gave judgment accordingly.

Defendants are here insisting that the judgment was wrong and must be reversed. Arguing that their awning does not embody the patented features of appellees' awnings as set forth in the claim sued on, appellants do not deny that their awning and Koolvent's are substantially the same. Their main point argued is that the decision in Matthews v. Koolvent, Metal Awning, 5 Cir., 158 F.2d 37 should not be followed here because in this suit prior art patents were offered which were not offered in that suit and upon those patents it should be held: that plaintiffs' awning has been completely anticipated and plaintiffs' patent is invalid for lack of invention. In the alternative, they argue that if this is not so, the field of invention left to plaintiffs was one of a very narrow combination and that if the patent is restrained within these narrow limits, defendants' device does not infringe.

What is sought here, then, is a reargument and reconsideration of the Koolvent case in the light of the patents offered here and not offered there, except on the motion for rehearing.

We have carefully examined the patents [1] relied on. Considered singly and as a whole, none of them adds to the disclosures of the patents relied on in the Koolvent trial; none weakens, or bears significantly upon, the position we took in that case. With the exception of Vayre, which deals with ordinary cloth awning, and Gribbon, which deals with channel roofing and awning, none of them are in the awning field.

We are thus brought to the real question in this case, whether, in view of the fact that additional patents, not part of the record in the trial of the other case, have been offered here requires the court to reconsider and withdraw from its former decision. It is certainly true that that decision is not binding as res judicata here. In view, though, of our conclusion that the newly offered patents have not substantially changed the record upon which that decision was grounded, we think it clear that it ought not to be departed from here, and that the judgment appealed from, based, as

---

[1] They are: Darroch, 1,150,746, a heavy cast iron grid for a sidewald grading, intended to be walked on.

Gribbon, British 7118 of 1884, an improvement "on weatherboarded and other roofs for shelter sides, and as a substitute for tarpaulin".

Pancoast, 547,356, exhaust ventilator for railway cars; especially designed so that the motion of the car would induce circulation of air through the ventilator. Issued in 1895, it was not taken up in, and has had no effect on the awning art.

Norris, 74,411,-1868, shows a solid clapboard roof for a shed for furnishing protection for sheep, with no idea of admitting air, but the contrary.

Vayre, 483,950, does deal with awnings. The main object of this invention, however, is to provide an awning which will appear neat and tidy both when furled and when unfurled. There is no suggestion in it of any of the ideas of the Matthews patent.

Lyster, 835,966, is a trap door skylight and roof ventilator and has no relation whatever here to awnings or the Matthews patent.

Spottswood, 1,761,095, has to do with a bullet proof ceiling over a bank teller's cage, and certainly is not in any sense an anticipation of Matthews' patent.

Parkinson, British patent of 1890, deals with a series of baffles for purifying, drying or conditioning grain, an air scrubbing device.

it was, in part upon that decision should be affirmed.

SIBLEY, Circuit Judge (dissenting).

The structures here found to infringe the patent of Matthews resemble closely those of Koolvent Metal Awning Company which were made under the Houseman patent and dealt with in 5 Cir., 158 F.2d 37. I adhere to my dissent in that case.