## NATIONAL VENTILATED AWNING CO. v. WHITE.

### Civ. No. 710.

United States District Court,
N. D. Alabama, M. D.

Dec. 29, 1950.

Ely & Frye, Akron, Ohio, and Hood, Inzer, Martin & Suttle, Gadsden, Ala., for plaintiff.

Jennings & Carter, Birmingham, Ala., for defendant.

LYNNE, District Judge.

This cause having been heard upon opening statements of Counsel and upon the testimony and evidence in open court, this Court, having considered the same upon the testimony and evidence submitted, now states its findings of fact and conclusions of law, pursuant to Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A., as follows:

## Findings of Fact

1. Plaintiff, National Ventilated Awning Company, is a Texas corporation, located at Dallas, Texas.

2. Defendant, Emory O. White, is a resident of Alabama and for some time past has being doing business at Albertville, Alabama, under the name and style Phoenix Manufacturing Company, where he has formerly been engaged in the manufacture and sale of awnings and complete awning parts, which have been sold under the trade mark or trade name "Soft-Lite" awnings.

3. On February 9, 1937, United States Letters Patent No. 2,069,893 was issued to Albert T. Matthews on application filed December 7, 1932, for an invention relating to awnings. On February 7, 1939, the said Letters Patent was surrendered to the Commissioner of Patents in accordance with the law and Reissue Letters Patent No. 21,053 was granted April 18, 1939. By mesne assignments the said Reissue Patent was assigned to the plaintiff, National Ventilated Awning Company on January 1, 1949. Title to the said patent in plaintiff is admitted by the defendant.

4. Plaintiff alleges that the defendant has infringed upon Reissue Letters Patent No. 21,053, aforesaid, by the manufacture, use, and sale in this District and elsewhere in the United States of permanent ventilated awnings which embody the invention covered by said patent, as particularly set forth in claims 3, 4, 5, 9, and 10 thereof.

5. This Court has jurisdiction of the parties and the subject matter of this cause.

6. The said Reissue Patent and the claims in suit herein have been held valid and infringed in a number of cases, of which the following are noted: Matthews v. Koolvent Metal Awning Co., 5 Cir., 158 F.2d 37; Miles v. Matthews, 5 Cir., 171 F.2d 38; Matthews v. Allen, 4 Cir., 182 F.2d 824; Koolvent Metal Awning Corp. v. Graham, D.C.N.D.Ohio, E. D., 82 F.Supp. 40.

7. Reissue Patent No. 21,053 relates to the construction of permanent ventilated awnings designed to replace the old and well known type of canvas awning. The characteristic features and construction of the Matthews type of awning made under the said patent are set forth in the decision of the Circuit Court of Appeals of the Fifth Circuit in Matthews v. Koolvent Metal Awning Company, supra.

8. Defendant has set up a large number of domestic and foreign patents and publications as either anticipating the claims in suit or depriving the claims of patentable novelty, or for the purpose of restricting the scope of the claims. The evidence shows that many of the prior art patents relied upon have been in the records of prior litigation, including those primarily relied upon by the defendant, i.e., U. S. patents to Lyster No. 835,966, Morein No. 493,-105, British patent to Gribbon No. 7118 of 1884, and French Patent to Culshaw No. 507,127. The evidence further shows that the Courts passing upon the patent in suit have also considered prior art patents substantially the same as other patents and publications relied upon by the defendant.

9. This Court considers that none of the patents and publications relied upon by the defendant here add anything to the prior art considered by the Courts previously holding that the patent in suit is valid, particularly in those cases considered by the Circuit Court of Appeals of the Fifth Circuit in the cases of Matthews v. Koolvent Metal Awning Company and Miles v. Matthews, supra. This Court considers that had the Circuit Court of Appeals of the Fifth Circuit had before it all of the prior art relied upon by the defendant here, it would not have reached a different conclusion with respect to the validity or scope of the patent in suit.

10. Claims 3, 4, 5, 9, and 10 of said Reissue Patent No. 21,053 are not restricted or anticipated by or devoid of patentable novelty by reason of the prior patents and publications set up by the defendant.

11. Defendant some time in the spring of 1949 commenced the manufacture and sale of his so-called "Soft-Lite" awnings at his plant at Albertville, Alabama, and continued to manufacture the same both as complete awnings and also by furnishing to his customers or dealers complete awning parts with directions and instructions as to the manner of assembling the said awnings,

and continued such operations until his manufacturing plant at Albertville, Alabama, was destroyed by fire on or about October 25, 1950. The said "Soft-Lite" awnings manufactured and sold by the defendant in the manner recited are shown in the drawing, plaintiff's Exhibit 2, and are further shown and described in the advertising matter put out by the defendant, Plaintiff's Exhibits 3 and 4, and are exemplified by the awning Plaintiff's Exhibit 16.

12. This Court finds that defendant's "Soft-Lite" awning is substantially the same in construction, function, and mode of operation as the so-called "Koolvent" awnings considered by the several Courts in those cases in which such awnings were in litigation and as shown in Plaintiff's Exhibit 14. Defendant's "Soft-Lite" awning is also substantially the same in construction, functions and mode of operation as the "Aetna" awning considered by the Court of Appeals of the Fifth Circuit in the case of Miles v. Matthews, supra.

13. Applying the principles set forth by the Circuit Court of Appeals of the Fifth Circuit in the case of Matthews v. Koolvent, supra, for the consideration and determination of questions of infringement, this Court finds that the acts recited in Paragraph 11 hereof constitute either direct infringement or intentional and premeditated contributory infringement of the patent in suit, and that the defendant has infringed upon claims 3, 4, 5, 9, and 10 of the patent in suit by reason of such acts.

Conclusions of Law.

1. This Court has jurisdiction of the subject matter hereof and of the parties.

2. Claims 3, 4, 5, 9, and 10 of Reissue Patent No. 21,053 are not anticipated or deprived of patentable novelty by the prior art set up herein, and the said claims are good and valid in law.

3. Defendant has infringed upon claims 3, 4, 5, 9, and 10 of said patent by the manufacture, sale and use of "Soft-Lite" awnings as described in the Findings of Fact herein.

4. The Complaint is sustained.

5. That a perpetual injunction issue out of and under the seal of this Court directed to the defendant and his agents, servants, employees, and attorneys, and those persons in active concert or participation with the defendant, enjoining and restraining them and each of them during the life of Matthews Reissue Patent No. 21,053, from directly or indirectly infringing upon the said patent, or manufacturing, or causing to be manufactured, used or sold awnings embodying the invention of said patent.

6. The parties hereto having agreed in open Court upon the matter of recovery from the defendant for the infringement of the patent in suit, no order for an accounting shall presently be entered herein.

7. That plaintiff recover from defendant its costs sustained herein, and that plaintiff have due process of Court to recover such costs.