The GUIBERSON CORPORATION, Appellant and Cross-Appellee,

v.

EQUIPMENT ENGINEERS, Inc., Appellee and Cross-Appellant.

No. 16428.

United States Court of Appeals Fifth Circuit.

Feb. 25, 1958.

Rehearing Denied April 1, 1958.

S. Austin Wier, Dallas, Tex., Turner, Rodgers, Winn, Scurlock & Terry, Howard E. Moore, George S. Terry, Dallas, Tex. Nathaniel Ely, Dallas, Tex., of counsel, for appellant.

Wentworth T. Durant, Joseph H. Schley, Peter A. Schley, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

**432**

HUTCHESON, Chief Judge.

Coming up on an appeal and a so-called cross-appeal by defendant, what is in question here is the correctness of a judgment in a patent infringement suit,[1] which, finding the patent valid but not infringed, denied plaintiff's plea for injunction and damages and dismissed the suit.

Plaintiff, moving to dismiss the cross-appeal as belatedly filed, insists that the sole question for our review is whether the products sold and manufactured by defendant infringe, while the defendant, with equal vigor, insists that both infringement and validity, indeed all questions which bear on the judgment of dismissal, are here for our decision.

■ We agree with appellant that the district judge was without authority to extend defendant's time for filing its appeal and that filed too late, the so-called cross-appeal was ineffective as an appeal.

Lejeune v. Midwestern Ins. Co. of Oklahoma City, Okl., 5 Cir., 197 F.2d 149; Southern States Equipment Corp. v. USCO Power Equipment Corp., 5 Cir., 209 F.2d 111; Howard v. Local 74, 7 Cir., 208 F.2d 930; Deena Products Co. v. United Brick & Clay Workers, 6 Cir., 195 F.2d 612.

■ We, however, agree with appellee that the question of the validity of the patent is before us not because of the so-called cross-appeal but because plaintiff's appeal from the decision dismissing its suit brought the whole record up and all questions going to the correctness of the judgment are properly before us. Commercial Nat. Bank of Shreveport v. Parsons, 5 Cir., 144 F.2d 231, and cases cited, including United States v. American Ry. Express Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087, quoted from therein.

This is particularly true of appeals in patent cases [2] since in such cases, of the

---

1. The patent, No. 2,711,939, hereafter referred to as the Losey Patent, was issued on June 28, 1955, to the Guiberson Corporation as assignee of Thomas B. Losey, having to do with improvements in a well swab.

   A. Purpose and Use of Swab Cups

   A well swab is a type of plunger which is lowered into a pipe in an oil or gas well for the purpose of removing fluid from the well.

   Generally speaking, a well swab consists of one or more resilient cups made of natural or synthetic rubber, which are mounted in spaced relationship on a tubular support. It is normally lowered into the well pipe in a wire cable, and downward movement is facilitated by a weight attached to the swab.

   Usually, as an integral part of a swab there is a traveling valve, which encloses a buoyant ball that alternately opens and closes the passage through the tubular support. As the swab is lowered into a column of fluid in a well pipe, the ball is lifted from its seat allowing fluid to pass upwardly through the tubular support to permit the swab to be lowered more easily through the fluid.

   After the swab is lowered through the column of fluid, it is pulled upwardly. The valve ball then closes the passage through the tubular support and the weight of the fluid causes the resilient swab cups to expand into sealing engage-

ment with the wall of the well pipe, thus trapping the fluid above the swab. The withdrawal of the swab from the well brings with it all the fluid above the cups, forcing the fluid out of the pipe at the surface. This procedure is repeated until the desired amount of fluid is removed from the well.

   Prior to the Losey patent there were two general types of swab cups utilized on swabs of the type described above, viz.,

   1. Those which had no reinforcement in the wall of the resilient cup body, and

   2. Those commonly known as "cage type" cups, in which the resilient wall of the cup is reinforced by ribs or wires spaced about the outer wall, and which ribs are rigidly affixed to metal rings both at the lower and upper ends.

   The Losey patent particularly involves an improvement on the old standard "cage type" swab cup and swab assembly.

2. Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644; Vincent v. Suni-Citrus Products Co., 5 Cir., 215 F.2d 305 and 312; Oliver-Sherwood Co. v. Patterson Ballagh Corp., 9 Cir., 95 F.2d 70; Marchus v. Druge, 9 Cir., 136 F.2d 602; Powder Power Tool Corp. v. Powder Actuated Tool Co., 7 Cir., 230 F.2d 409, 415; Merco Nordstrom Valve Co. v. W. M. Acker Organization, 6 Cir., 131 F.2d 277.

   This is not a case like Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126,

two questions, validity and infringement, validity has the greater public importance.

While we have thus been at pains to make clear our jurisdiction to consider the contention and argument of appellee that the patent is invalid, we have not done so because we are in any doubt whether Losey made a real contribution to the art, or that the patent granted him therefor is valid. On the contrary, we are convinced, as much by appellee's undisguised imitation if not adoption of Losey's improvements as by the record showing of the prior art and the thorough going proceedings and actions in the patent office, culminating in the decision of the Court of Customs and Patent Appeals, that Losey made a real improvement and advance, entitling him to patent recognition and protection.

Rejecting appellee's contention that the very fact that there were two appeals requires that the patent should be scrutinized rather more closely than would otherwise be the case, we agree with appellant that the presumption of validity, which under the language of the statute attends the grant of a patent and places the burden on the defendant to establish its invalidity, Cameron Iron Works v. Stekoll, 5 Cir., 242 F.2d 17, is greatly strengthened in this case by the well considered judgment and opinion of the Court of Customs and Patent Appeals.[3] Without, therefore, further laboring the matter here, we refer with approval to and adopt the decision in that case, both as to its discussion of the patent claims and its judgment thereon.

We turn then to the issue most vigorously argued by appellant and appellee, whether the finding of non-infringement should be set aside, to note that as is usual in cases of this kind, the appellee puts forward, as the first line of defense against the attack on the judgment, that a finding of non-infringement is a finding of fact and as any other finding it may not be set aside unless clearly erroneous.

Agreeing that the finding of infringement in patent cases is normally regarded as a question of fact, appellant insists that if so considered here it was clearly erroneous. However, citing Cameron Iron Works v. Stekoll, 5 Cir., 242 F.2d 17 and Stewart-Warner Corp. v. Lone Star Gas Co., 5 Cir., 195 F.2d 645, it convincingly argues to us that under the undisputed evidence, oral, documentary and physical, it represented in this case not a finding of fact but a conclusion of law.

Noting the absence from the court's brief oral opinion of anything that could be called a finding of fact in support of his conclusion that there was no infringement and the presence there of the erroneous legal views, among them that, whether defendant *did or did not intend to infringe* was material, appellant insists that the testimony as a whole, including the documents and physical evidence, requires a contrary finding of fact to that made by the district judge, and the finding of non-infringement may not stand.

Looking at the record as we may and must, as one made largely on undisputed evidence, it seems to us that appellee's arguments on non-infringement are no better than, but in effect present merely slightly different variants of, its arguments on patentability. These arguments seeking to confine appellant's patent within the precise form of its presently used device turn from time to time from this line to argue that if the patent claims are subject to a construction which saves them from the defense of anticipation, then, by the same token, they must be so narrowly confined as to afford plaintiff no real protection. Thus the gist, the whole thrust, of appellee's argument seems to be an attempt to impale the plaintiff on the horns of an inescapable dilemma.

---

62 S.Ct. 513, 86 L.Ed. 736, where the issue of invalidity had not been raised by petitioners in the Supreme Court either in the petition or in his brief.

3. Modern Products Supply Co. v. Drachenberg, 6 Cir., 152 F.2d 203.

Arguing that the patent is a combination patent which, following closely the teachings of older patents, is either anticipated or, if it is not, must be so narrowly confined as to deprive it of all benefit of the doctrine of equivalents and to afford no protection except in its precise form, appellee rings the changes on the attacks to which from time to time combination patents have been subjected, to come up with the conclusion that if plaintiff's patent represents any advance in the art so as to squeeze by as valid, it represents such a narrow one as in effect to afford no protection against infringement.

The appellant, in a careful and thorough brief, pointing out that the judgment in this case is based not on disputed evidence but on exhibits and undisputed testimony in respect of which this court is just as able to determine the effect of the facts as the trial court was, cites and invokes as controlling here Cameron and Stewart-Warner, supra. Arguing vigorously that the claims of the Losey patent do not need to be one whit enlarged to cover defendant's device, and taking up, discussing in turn, and adequately distinguishing each of the patents relied on by defendant, it cites, and we think correctly relies on cases such as Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 and Matthews v. Koolvent Metal Awning Co., 5 Cir., 158 F.2d 37, and similar decisions as completely refuting appellee's claim that a combination patent is virtually denied protection under the doctrine of equivalents.

Finally appellant comes boldly out to take its stand and argue that, though this is a combination patent, the facts surrounding the discovery and use of the invention, including the fact that it filled a great want and need for such a well swab, establish beyond dispute that it constituted a distinctive advance in the art and that it is entitled, therefore, if not to the protection accorded a pioneer patent, certainly to reasonable protection commensurate with the scope of its invention. Hunt Tool Co. v. Lawrence, 5 Cir.,

242 F.2d 347 and Southern Saw Service v. Pittsburgh-Erie Saw Corp., 5 Cir., 239 F.2d 339.

We agree with appellant that this is so. We think this is just another of those cases in which when an answer to a long needed want is found, those who wish to take advantage of it and deprive the inventor of the fruits of his invention unite to vie with each other in pointing out how simple it all was and how little worthwhile.

On the overwhelming facts of record, indeed on the speaking evidence in this case we find and hold that the finding of the district judge that the patent was not infringed may not stand.

The judgment denying the injunction and dismissing the suit is accordingly reversed and the cause is remanded with directions to enter a judgment finding the patent valid and infringed and for further and not inconsistent proceedings.