**William T. GRAHAM and Graham-Hoeme Plow Co., Inc., Appellants,**

v.

**COCKSHUTT FARM EQUIPMENT, Inc., Appellee.**

No. 16955.

United States Court of Appeals
Fifth Circuit.

June 5, 1958.

Orville O. Gold, Claude A. Fishburn, Kansas City, Mo., Clayton Heare, Amarillo, Tex., for appellants.

S. Tom Morris, Amarillo, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment of the trial court finding the Graham Patent No. 2,627,798, "Clamp for Vibrating Shank Plows" valid but not infringed. There is no cross appeal by appellee from the finding of validity of the patent, but appellee contends this issue is still open for review under our recent decision in Guiberson Corp. v. Equipment Engineers, Inc., 5 Cir., 252 F.2d 431.

This patent is not a stranger to this Court, it having been the subject of an

opinion in which we reversed the trial court's finding that it was invalid. Jeoffroy Mfg. Co., Inc., v. Graham, 5 Cir., 219 F.2d 511. It is also the subject of another decision which comes up on a citation by Graham for contempt of the trial court's injunction against infringement by Jeoffroy Mfg., Inc., in a case decided simultaneously herewith, 5 Cir., 256 F.2d 360. We think it unnecessary, therefore, to make a detailed description of the patent except as it is germane to our discussion of the alleged infringement.

■ We agree with appellee that this Court still has the power to change its position as to the validity of the Graham patent No. 2,627,798, even though we have previously held it valid, because the alleged infringer here is a different party and is not bound either by res judicata or estoppel by judgment. We also agree that this question is open to us on appeal, even though no cross appeal was taken from the Court's judgment in favor of validity. See Guiberson Corp. v. Equipment Engineers, Inc., supra. We conclude, however, after careful consideration, that our decision previously made as to the validity of this patent should stand. We, therefore, turn to the question of infringement. In upholding the validity of this patent we said:

> " * * * Though we do agree that 798, as an improvement combination, is not entitled to any broad degree of protection over 811, it still seems to us that its hybrid type structure combining the wear-resisting rotating pivot, in part reminiscent of the prior art, with the new shank and stirrup arrangement permitting some of that same advantageous flexibility inherent in the old 811 structure, reveals sufficient indicia of novelty and invention to justify limited protection * * * "
> Jeoffroy Mfg. Co. v. Graham, 219 F.2d 511, 518, 519.

Thus, we indicated that being a combination patent in a crowded art, the patent would likely not have wide application.

In essence the patent, relating to a ground-working tool designed with springs to make possible the operation of the plow over rocky ground because of ability of the chisel end of the tool to rise over the rocks it encounters, embodies the combination of elements that permit the shanks of the plows upon striking obstructions, to rise and flex within permissible range of movement.

■ As the combination, not the result, is what is patented, obviously not every arrangement of elements that achieves the same degree of movement and flexibility is an infringing device. Infringement exists only if the patentee's arrangement is copied, or if, by use of equivalents, the same arrangement is used except that for some element of it equivalents are substituted.

As pointed out above, no part of this device is itself patented or subject to patent, since everyone of the parts is old, and its use *independently* in the present combination is a long known use. It is only because this particular arrangement of these known elements adopted by Graham achieves the result better than the prior art afforded that Graham was entitled to a patent.

Thus, if appellee has also achieved good results in permitting movement and flexibility in the action of the shank, but has done so not by using either the known elements used by this patentee in its arrangement, nor by using equivalents as a substitute for any or all of the elements, but by using different means, there is no infringement.

The able and experienced district judge who presided at the trial of this case may now well qualify as an expert in this art. He has presided at some half dozen trials in which the Graham device has been thoroughly explored. He has also been exposed to the explanations of many allegedly infringing devices in these trials. He has found in this case that the Cockshutt device does not infringe the Graham patent.

In its order the Court explained its conclusion in a manner which, while prob-

ably not understandable to the person uninitiated in the art, is perfectly plain to those who have worked so long in this field:

"Plaintiffs have admitted that Defendant's clamp of the type identified as Plaintiffs' Exhibit No. 3, does not infringe said Patent 798. Moreover, neither claim of the patent can be literally read upon Defendant's clamp of the type identified as Plaintiffs' Exhibit No. 4, Defendant's spring clamp, as exemplified by said Exhibit, has a plate between the shank and fixed member of the clamp, but the plate does not have a shank embracing portion thereon, the plate rocks against a portion of the fixed member instead of being pivoted on a pivot pin, and the forward ends of the plate and shank are not held together by a bolt and nut, and in these, as well as other respects, differs sufficiently from the limited equivalency range of the said Patent 798 so as to avoid infringement of the claims in said patent."

While not the experts in the field that Judge Dooley is, we comprehend and approve the analysis made by him.

Appellee here concedes the law to be "that a patent is entitled to a range of equivalents commensurate with the scope of the invention." However, it contends for the further proposition that a patent for a limited improvement in a crowded art is entitled to an "extremely" limited range of equivalents, citing Electric Protection Co. v. American Bank Protection Co., 8 Cir., 184 F. 916, and this Court's opinion in Dry Hand Mop Co. v. Squeez-Ezy Mop Co., 5 Cir., 17 F.2d 465. Cf. Stewart-Warner Corp. v. Lone Star Gas Co., 5 Cir., 195 F.2d 645; Butex Gas Co. v. Southern Steel Co., 5 Cir., 123 F.2d 954.

As previously pointed out in the quotation from our opinion upholding the validity of this patent, this improvement combination "is not entitled to any broad degree of protection," and the invention "[justifies] limited protection." We must bear this in mind in considering the range of equivalents.

Bearing in mind also that the patent does not protect against all combinations that permit a smooth and workable operation of the shank when it is forced upward by striking a hard object and the operation of the spring to force it back into position, but only the particular combination used by Graham, we agree that the fact that the shank and the plate attached to it rock against a portion of the fixed member instead of rotating on a pivot pin, and the fact that the plate and shank are not held together rigidly at the forward end by a bolt, constitutes sufficient departure from the claims and structure of the Graham device to support the trial court's finding against infringement.

The judgment is affirmed.