**MONSANTO COMPANY, Plaintiff-Appellee,**

v.

**DAWSON CHEMICAL COMPANY and Crystal Chemical Company, Defendants-Appellants.**

No. 30687.

United States Court of Appeals, Fifth Circuit.

June 8, 1971.

Rehearing Denied and Rehearing En Banc Denied Sept. 15, 1971.

Ned L. Conley, John L. McConn, Jr., Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for defendants-appellants.

Garrett R. Tucker, Jr., Houston, Tex., C. Frederick Leydig, John E. Rosenquist, Chicago, Ill., Arnold H. Cole, St. Louis, Mo., Wolfe, Hubbard, Leydig, Voit & Osann, Chicago, Ill., Baker, Botts, Shepherd & Coates, Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, GODBOLD and RONEY, Circuit Judges.

GOLDBERG, Circuit Judge:

This is a patent infringement suit between Monsanto Company, the patentee plaintiff, and defendant Dawson Chemical Company, a wholly owned subsidiary of defendant Crystal Chemical Company. The subject matter of the dispute is a chemical compound known as 3, 4—dichloropropionanilide. This compound, also known as propionil or 3, 4—DCPA is used as a selective, post-emergence herbicide. The plaintiff and defendant Dawson Chemical both market a herbicide containing 3, 4—DCPA, and defendants admit that if plaintiff's patent on 3, 4—DCPA is valid they have infringed that patent. Defendants claim, however, that plaintiff's patent is invalid, and that for this reason they have not infringed.

The district court held on April 14, 1970, 312 F.Supp. 452, that Monsanto's patent on 3, 4—DCPA was valid and that defendants were guilty of infringement. In so doing the court found (1) that 3, 4—DCPA was not anticipated by prior art within the meaning of 35 U.S.C.A. § 102(a) and (b); (2) that the compound was not obvious within the meaning of 35 U.S.C.A. § 103; (3) that Monsanto did not perpetrate a fraud upon the patent office by withholding certain information in its patent application; and (4) that Monsanto was not guilty of laches in seeking a patent on 3, 4—DCPA.

In the meantime Monsanto had filed an identical suit involving 3, 4—DCPA in the Eastern District of Pennsylvania against Rohm & Haas Company. In this suit defendant Rohm & Haas stipulated that if Monsanto's patent was valid, it had infringed. On February 17, 1970, almost two months before the decision rendered by the district court in our case, the court in the Eastern District of Pennsylvania rendered its opinion that the Monsanto patent on 3, 4—DCPA was invalid. In so holding that court found (1) that the chemical compound 3, 4—DCPA was anticipated within the meaning of 35 U.S.C.A. § 102(a) and (b); (2) that the compound was obvious within the meaning of 35 U.S.C.A. § 103; (3) that Monsanto intentionally withheld material facts in order to mislead the patent office and that Monsanto had come into court with unclean hands; and (4) that Monsanto was guilty of laches in asserting any right it had to patent 3, 4—DCPA. Monsanto Company v. Rohm & Haas Company, E.D. Penn.1970, 312 F.Supp. 778.

The district court below recognized that the *Rohm & Haas* case presented a prior judgment on an identical subject, saying:

"Before this opinion is concluded, it should be added that the possible effect of the decision in Monsanto Co. v. Rohm & Haas Co., 312 F.Supp. 778 (E.D.Pa.1970) upon the result here reached has been carefully considered. Even though there is an identity of subject matter between that case and this one, the fact nevertheless remains that there is no identity between the parties defendant, nor for that matter is there any privity between the parties defendant in each respective action. Moreover, the defendants here have placed greater emphasis on certain prior art items, namely, Bienert and Fontein, than did the defendants in Monsanto Co. v. Rohm & Haas Co., supra, though it is not clear whether the court in that case had exactly the same evidence before it as was offered here. The result on

the issues resolved in Monsanto Co. v. Rohm & Haas Co., *supra,* does not therefore relieve this Court of its judicial travail of reaching its own independent decision on the merits of the case between these parties and on this record, even though this brings about diametrically [1186] opposed decisions on the validity of the same patent against the same attack. There is no res judicata or estoppel by judgment flowing from the earlier decision precluding plaintiff from its day in court against these defendants. Bros, Inc. v. W. E. Grace Mfg. Co., 351 F.2d 208 (5th Cir. 1965); Edward Valves, Inc. v. Cameron Iron Works, *supra* [286 F.2d 933]; Graham v. Cockshutt Farm Equipment, 256 F.2d 358 (5th Cir. 1958); Miles v. Mathews, 171 F.2d 38 (5th Cir. 1948)."

At the time the court below concluded that it was not relieved by the Pennsylvania judgment of the "judicial travail" of reaching its own decision on the merits, it was completely correct. The Supreme Court had long ago in Triplett v. Lowell, 1936, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949, decided that even though a patent has been held invalid in another suit, the patent owners are entitled to attempt to demonstrate the validity of that same patent against defendants who were not involved in the prior determination of invalidity. In *Triplett* the Court said:

"While the contention now made is apparently for the first time seriously argued here, this Court has several times held valid the claims of a patent which had been held invalid by a Circuit Court of Appeals in an earlier suit brought by the same plaintiff against another defendant. Expanded Metal Co. v. Bradford, 214 U.S. 366, 29 S.Ct. 652, 53 L.Ed. 1034; Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U.S. 428, 31 S.Ct. 444, 55 L.Ed. 527; Abercrombie & Fitch Co. v. Baldwin, 245 U.S. 198, 38 S.Ct. 104, 62 L.Ed. 240. Before the establishment of the circuit court of appeals, an adverse decision as to the validity of a patent in one circuit appears not to have foreclosed litigation of the same issue in another, see Barbed Wire Patent, (Washburn & M. Mfg. Co. v. Beat 'Em All Barbed-Wire Co.) 143 U.S. 275, 12 S.Ct. 443, 450, 36 L.Ed. 154; compare United States v. American Bell Telephone Co., 128 U.S. 315, 372, 9 S.Ct. 90, 32 L. Ed. 450. That it does not now is implicitly recognized by the practice established under section 240(a) of the Judicial Code [28 U.S.C.A. § 347 (a)] and Rule 38(5) of this Court, that certiorari will not usually be granted in patent cases unless there is a conflict in the decisions of Circuit Courts of Appeals. We conclude that neither the rules of the common law applicable to successive litigations concerning the same subject-matter, nor the disclaimer statute, precludes relitigation of the validity of a patent claim previously held invalid in a suit against a different defendant."

297 U.S. at 643–644, 56 S.Ct. at 648. Therefore, in April, 1970, when the district court considered the matter, it was obligated by *Triplett* to make its own independent conclusion concerning the validity of the Monsanto patent on 3, 4—DCPA.

■ However, the proverbial slip twixt the cup and the lip occurred. On May 3, 1971, many months after the court below engaged in its ordeal of decision, and, indeed, after oral argument to this court, the Supreme Court with unanimous wisdom reversed its earlier holding in *Triplett.* The Court ruled that a patent owner is bound by the judgment of patent invalidity in a prior suit against a different defendant unless the patent owner can show that for some reason the prior judgment should not be given this estoppel effect. Blonder-Tongue Laboratories v. University of Illinois Foundation, 1971, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, [May 3, 1971].

In *Blonder-Tongue* the Court said:

"It is clear that judicial decisions have tended to depart from the rigid

requirements of mutuality. In accordance with this trend, there has been a corresponding development of the lower courts' ability and facility in dealing with questions of when it is appropriate and fair to impose an estoppel against a party who has already litigated an issue once and lost. As one commentator has stated:

'Under the tests of time and subsequent developments, the *Bernhard* decision [Bernhard v. Bank of America Natl. Trust & Savings Ass'n, 1942, 19 Cal.2d 807, 122 P.2d 892] has proved its merit and the mettle of its author. The abrasive action of new factual configurations and of actual human controversies, disposed of in the common-law tradition by competent courts, far more than the commentaries of academicians, leaves the decisions revealed for what it is, as it was written: a shining landmark of progress in justice and law administration.' Currie, *supra*, 53 Cal.L. Rev., at 37.

"When these judicial developments are considered in the light of our consistent view—last presented in Lear, Inc. v. Adkins [1969, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610]—that the holder of a patent should not be insulated from the assertion of defenses and thus allowed to exact royalties for the use of an idea that is not in fact patentable or that is beyond the scope of the patent monopoly granted, it is apparent that the uncritical acceptance of the principle of mutuality of estoppel expressed in Triplett v. Lowell is today out of place. Thus, we conclude that *Triplett* should be overruled to the extent it forecloses a plea of estoppel by one facing a charge of infringement of a patent that has once been declared invalid." 91 S.Ct. at 1453.

■ Recognizing that collateral estoppel is an affirmative defense which must be pleaded the Court remanded the case to the district court, saying:

"*Res judicata* and collateral estoppel are affirmative defenses that must be pleaded. Fed.Rule Civ.Proc. 8(c). The purpose of such pleading is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate. Because of Triplett v. Lowell, petitioner did not plead estoppel and respondent never had an opportunity to challenge the appropriateness of such a plea on the grounds set forth in Part III A of this opinion. Therefore, given the partial overruling of *Triplett*, we remand the case. Petitioner should be allowed to amend its pleadings in the District Court to assert a plea of estoppel. Respondent must then be permitted to amend its pleadings, and to supplement the record with any evidence showing why an estoppel should not be imposed in this case. If necessary, petitioner may also supplement the record. In taking this action, we intimate no views on the other issues presented in this case. The judgment of the Court of Appeals is vacated and the cause is remanded to the District Court for further proceedings consistent with this opinion." 91 S.Ct. at 1453–1454.

■ In the instant case we have a situation identical to that encountered by the Supreme Court in *Blonder-Tongue*. At the time the district court made its decision there was a final judgment of another court declaring Monsanto's patent on 3, 4—DCPA invalid. But for the *Triplett* doctrine the defendant here could have pled the collateral estoppel effect of this prior judgment. Following the directions of the Supreme Court, we remand this case to the district court to allow the defendant to amend its pleading to assert a plea of estoppel. The plaintiff should then be permitted to show the reasons, if any, why estoppel should not be allowed.

In conclusion, we reiterate that the learned trial judge could not have anticipated that the Supreme Court would still the compulsions of *Triplett*. He was therefore obligated to confront the chemical elements, their homologs, and the other accoutrements of this patent litigation.

For the foregoing reasons, the cause is remanded to the district court for further proceedings consistent with the Supreme Court's decision in Blonder-Tongue Laboratories v. University of Illinois Foundation, *supra*.

Reversed and remanded.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.