BOURNS, INC., and Marlan E. Bourns, Plaintiffs,

v.

ALLEN–BRADLEY COMPANY et al., Defendants.

No. 70 C 1992.

United States District Court, N. D. Illinois, E. D.

Feb. 2, 1972.

Clyde F. Willian and Robert L. Harmon, Hume, Clement, Hume & Lee, Chicago, Ill., for plaintiffs.

Reginald K. Bailey of Mason, Kolehmainen, Rathburn and Wyss, Chicago, Ill., for Beckman Inst. Inc.

Robert A. Stenzel, Donald J. Simpson and Lewis T. Steadman, of Sherman, Meroni, Gross & Simpson, Chicago, Ill., for Bunker-Ramo, TRW, Weston Inst. and Fairchild Corp.

Britton A. Davis, Rolf O. Stadheim of Haight, Hofeldt & Davis, Chicago, Ill., Arthur H. Seidel, Quarles, Herriott, Clemons, Teschner & Noelke, Milwaukee, Wis., for Allen-Bradley.

Wolfe, Hubbard, Leydig, Voit & Osann, Ltd., Chicago, Ill., for Amperex Electronic Corp., Electra-Midland and Mepco, Inc.

## DECISION and ORDER

McMILLEN, District Judge.

This cause comes on to be heard on motion of the defendants for summary judgment on the ground of collateral estoppel under Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (May 3, 1971). The court concludes that the defendants' Motion should be granted, with the result that a final judgment will be entered in their favor. The earlier motions filed by the defendants are thereby rendered obsolete.

The Complaint in the case at bar was filed on August 11, 1970 by the owner and assignee of United States Patent No. 2,777,926 issued on January 19, 1957. Plaintiffs allege that six corporate defendants, as representatives of a class, had been infringing their patent for six years and would continue to do so unless enjoined. Defendants answered separately and alleged that the patent was invalid for obviousness and for other reasons. They also alleged that plaintiffs were estopped and barred from the instant action by virtue of a final judgment entered against them by the United States District Court for Nebraska in Bourns, Inc. v. Dale Electronics Inc., 308 F.Supp. 501 (D.Neb.1969).

After the decision in *Blonder-Tongue, supra,* defendants filed amended answers in which they alleged further that plaintiffs had acquiesced in the Nebraska judgment by voluntarily dismissing their appeal to the United States Court of Appeals for the Eighth Circuit on May 4, 1970. Defendants thereupon filed the instant motions for summary judgment which in substance are motions for judgment on the pleadings under F.R.Civ.P. 12(c).

■ The only question on such a motion is whether a genuine issue of material fact remains to be decided and, if not, whether the moving parties are entitled to judgment as a matter of law. Since plaintiffs did not move to strike or to file a reply to defendants' affirmative defenses of estoppel and *res judicata,* the pleadings do not spell out plaintiffs' position with respect to these defenses. The court has considered the contentions made in plaintiffs' brief, however, in light of the defenses suggested by the Supreme Court's decision in its unanimous *Blonder-Tongue* decision.

■ Despite possible harshness on occasion, there can be no doubt that *Blonder-Tongue* applies retrospectively. Monsanto Co. v. Dawson Chemical Co., 443 F.2d 1035 (5th Cir. 1971), petition for cert. filed, No. 71–787, 40 U.S.L.W. 3356. It is true that plaintiffs were not apprised of this particular decision when they abandoned their appeal to the Eighth Circuit, but there were rumblings of it (cf. 402 U.S. 313, 91 S.Ct. at p. 1453). The same unfortunate turn of events occurred in *Blonder-Tongue* when the University of Illinois Foundation unexpectedly became bound by an adverse decision of the Eighth Circuit in University of Illinois Foundation v. Winegard Co., 402 F.2d 125 (8 Cir. 1968), cert. den. 394 U.S. 917, 89 S.Ct. 1191, 22 L.Ed.2d 452 (1969). The Supreme Court could have softened the blow by ruling only prospectively in *Blonder-Tongue,* as it has done on several occasions. Cf. England v. Louisiana State Bd. of Med. Exam., 375 U.S. 411, 84 S.

Ct. 461, 11 L.Ed.2d 440 (1964). But the court no doubt felt that the public policy which it was enunciating in *Blonder-Tongue* was sufficient to justify an all-embracing decision.

■ Plaintiffs argue that the adverse decision by the federal court in Nebraska did not affect the entire patent but only certain of its claims. This argument is based primarily on that court's judgment order, entered after the decision reported at 308 F.Supp. 501, which reads in part: "Claims 1, 2, 11, 14, 15, 16 and 20 of United States Patent No. 2,777,926 are invalid." The court then dismissed the Amended Complaint "with prejudice" and sustained the Amended Counterclaim "to the extent indicated." The record in that case does not reveal whether the parties thereafter treated the patent as invalid, but the court's published opinion makes clear that it found the entire patent invalid. Among other things, the court's decision says with respect to Patent No. 2,777,926: ". . . the '926 patent is held to be invalid." 308 F.Supp. at 507.

The pleadings in the Nebraska suit demonstrate that both the plaintiffs and the defendant were litigating the validity of the patent, not merely part of it. The Amended Complaint alleged that the patent was "duly and regularly issued" to the plaintiffs and that the defendant had been infringing it for six years. Plaintiffs sought an injunction, damages and attorneys fees "pursuant to the patent laws of the United States." Defendant in its Amended Answer denied knowledge of whether the patent was duly and regularly issued and stated "Plaintiffs are left to their proofs." Defendant also pleaded affirmative defenses and filed a counterclaim for declaratory judgment in which it alleged that the patent was invalid by reason of anticipation, obviousness, and other grounds going to the entire patent. Nowhere in the pleadings are specific claims or partial invalidity alleged.

In the case at bar the Complaint and Answers likewise go to the validity of the entire patent, and no mention is

made of specific claims. Plaintiffs now contend that they are relying herein on Claims Nos. 3, 4, 6, 7, 12, 19, 21 and 22, as well as the ones itemized by the Nebraska judgment order. Plaintiffs' specification in the case at bar arises from their answers to interrogatories when the defendants inquired as to specific claims which their particular devices were allegedly infringing. Plaintiffs answered by listing most, if not all, of the 22 claims in their patent (Supplemental Answer filed July 20, 1971), but they have never amended their complaint to allege that they were relying on the validity of those claims not specified by the Nebraska court. We conclude that the Nebraska judgment order is explained by the same procedures as explains this particular defense raised by the plaintiffs: the court was referring to the claims alleged to be infringed by a defendant's product but had no intention of changing its decision of invalidity. *Blonder-Tongue* precludes us from relitigating this decision.

Even if *Blonder-Tongue* is potentially a bar to the entire complaint (as this court holds), plaintiffs seek to avail themselves of the exceptions left open to them by the Supreme Court's decision. Plaintiffs argue that the Nebraska court failed to grasp the issues of the controversy and in particular misapplied Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). The Supreme Court cited this case as one example where a trial court might have completely failed to meet and decide the issues before it, therefore aborting estoppel. From an examination of the Nebraska court's decision, however, it not only appears that the court cited and purported to follow Graham v. John Deere Co. (which is all the Supreme Court suggested it do), but also that the trial court did grasp the issues and render a full and fair opinion on the merits. Any revision of that decision lay there or in the Court of Appeals, not here.

Plaintiffs next argue that they lacked the requisite incentive to litigate to a finish in the Nebraska suit. They blame this partly on the allegedly myopic view of patents taken by the Eighth Circuit Court of Appeals as compared with the enlightened view of the Seventh Circuit. This court need not enter that debate because the Supreme Court itself discounts the argument: choice of forum militates against the plaintiffs who made the choice, albeit without realization that they would be universally bound by the result. As to plaintiffs' alleged reliance on pre-*Blonder-Tongue* decisions when abandoning their appeal, that argument is contrary to the holding of that controlling decision which abrogated the prior law.

The subsequent proceedings in the *Blonder-Tongue* litigation are instructive, as reported in University of Illinois Foundation v. Blonder-Tongue Laboratories, Inc., 334 F.Supp. 47 (N.D.Ill.1971), (pending in the Seventh Circuit Court of Appeals, No. 71–1829). Although Judge Hoffman in that case had initially upheld a patent which had been previously invalidated by an Iowa federal court, and although the Seventh Circuit had affirmed Judge Hoffman's decision, upon remand he applied the Supreme Court's decision and entered summary judgment for the defendant on the basis of the Iowa court's prior judgment of invalidity. In doing so he rejected the argument that the second case involved different claims than the first one, considered the exceptions left open by the Supreme Court, and found them unsatisfied, as this court does in the case at bar. This result, incidentally, conformed to that reached by the Eighth Circuit Court of Appeals which had in the meantime affirmed the Iowa court.

Plaintiffs attach a number of affidavits to their brief to demonstrate a lack of crucial evidence and witnesses in the Nebraska litigation allegedly not due to the fault of the plaintiffs. What plaintiffs really argue is that the attorneys (and plaintiffs) in the Nebraska law suit did not uncover all of the existing evidence during the seven years that the suit was pending. Much of the information allegedly newly discovered from the

defendants in this cause was a matter of public record or was otherwise known to plaintiffs, and most if not all of it was in existence and discoverable during the Nebraska litigation. If plaintiffs could demonstrate that the pending litigation was made possible by new facts or change of circumstances which did not exist at the time of the trial in 1969, their argument under this point might have merit. But as it is, the argument merely says that plaintiffs' attorneys in the present suit believe they could do better by a second effort. To litigate this issue here would be a step backward toward trial by combat and is not what the Supreme Court intended.

In the last analysis, the Supreme Court has told the federal judges to decide questions of collateral estoppel in patent cases on the basis of the trial court's sense of justice and equity (402 U.S. 313, 91 S.Ct. at p. 1445). The justice in this matter is pre-empted by the *Blonder-Tongue* decision itself, together with the exceptions mentioned therein and this court's determination that the decision is to be applied retrospectively. The equities in this matter militate heavily against the plaintiffs. They have had the benefit of their patent since 1957. They have filed several suits to enforce it, all of which were settled beneficially to the plaintiffs. They elected to file yet another suit in the Nebraska federal court. They left that suit pending for seven years in a jurisdiction which had no backlog. They had ample time for nationwide discovery and taking deposition testimony. They went to trial and lost on the merits after a full and fair hearing. They abandoned their appeal shortly before filing the case at bar in which they hoped, by a class action, to recover damages far in excess of the million dollars or so sought in Nebraska. They had enjoyed the benefits of a patent for almost thirteen years before their come-uppance. In the opinion of this court they had not been treated unfairly by the law.

It is therefore ordered, adjudged and decreed that defendant's Motion for Summary Judgment is granted and judgment is entered on the Complaint in favor of the defendants.