### In re LEHMAN EQUIPMENT COM-PANY PATENT INFRINGE-MENT LITIGATION.

### No. 141.

Judicial Panel on Multidistrict Litigation.

July 12, 1973.

---

## OPINION AND ORDER

Before ALFRED P. MURRAH\*, Chairman, and JOHN MINOR WIS-DOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER\*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

This patent litigation consists of six actions in three different districts con-cerning the validity and enforceability of the Lehman patent on rotary cultiva-tors for cultivating crops. The patentees assigned the patent to Lehman Equip-ment Company, which in turn granted the Lilliston Corporation an exclusive license to manufacture and distribute the product. Lehman and Lilliston move the Panel for an order transferring all actions to the Southern District of Tex-as for coordinated or consolidated pre-trial proceedings. All other parties op-pose transfer. We find no basis for transfer under Section 1407 and accord-ingly deny the motion.

In 1972, Lilliston and Lehman institut-ed three infringement actions in the Southern District of Texas against In-ternational Harvester Co., John Deere Co. and Kelley Manufacturing Co. In all three cases the Texas distributor of each manufacturer was also named as a defendant. Plaintiffs' claims against In-ternational Harvester and John Deere, however, have been severed by the Texas court and transferred under 28 U.S.C. § 1404(a) to the Northern District of Illinois, where pursuant to the local rules of that court, they have been con-solidated both for pretrial proceedings and trial. Plaintiffs' claims against Kelley Manufacturing were dismissed by the Texas court for lack of venue. Sub-sequent to the dismissal, Kelley Manufac-turing brought a declaratory judgment action against Lilliston in the Eastern District of North Carolina seeking a dec-laration of invalidity and non-enforce-ability of the Lehman patent as well as a declaration of non-infringement.[1] As a result, the only actions remaining in the Southern District of Texas are the three actions against the local distribu-tors. And the defendant manufacturers have apparently agreed to indemnify the distributors against any recovery which plaintiffs might eventually obtain

---

\* Although Judges Murrah and Becker were not present at the hearing, they have, with the consent of all parties, partici-pated in this decision.

1. Kelley has also asserted allegation of un-fair competition and antitrust violations

relating to the Lehman patent and has charged Lilliston with infringement of a Kelley patent on peanut harvesting equip-ment.

against them. In light of these developments, the Texas court has ordered a stay of proceedings in the distributor actions pending a final determination of the litigation involving the manufacturers.

Lehman and Lilliston contend that transfer of all actions to a single district is necessary in order to avoid duplication of discovery on the common issue of patent validity. It appears, however, that there are only two active cases involving the Lehman patent, the action by Kelley Manufacturing in North Carolina and the consolidated action against International Harvester and John Deere in Illinois. In the North Carolina action, Kelley Manufacturing has completed extensive discovery on the patent validity issue and has filed a motion for summary judgment on the ground that the patent is void, invalid and unen-

forceable. Since we are advised that that motion is ripe for decision, we are not convinced that transfer of these actions for coordinated or consolidated pretrial prceedings at this time will serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Furthermore, if the North Carolina court grants the motion for summary judgment, holding the Lehman patent invalid, the application of the estoppel rule of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971), could eliminate any need for further discovery or trial concerning the validity of the Lehman patent.

It is therefore ordered that the motion for transfer of the actions listed on the attached Schedule A be, and the same hereby is, denied.

### SCHEDULE A

#### Southern District of Texas

| | |
|---|---|
| Lilliston Corp. and Lehman Equipment Co. v. Allen Brune Co. | Civil Action No. 72–B–85 |
| Lilliston Corp. and Lehman Equipment Co. v. Weaks Martin Implement Co., Inc. | Civil Action No. 72–B–84 |
| Lilliston Corp. and Lehman Equipment Co. v. Kelley Mfg. Co., et al. | Civil Action No. 72–B–113 |

#### Northern District of Illinois

| | |
|---|---|
| Lilliston Corp. and Lehman Equipment Co. v. International Harvester Co. | Civil Action No. 73C686 |
| Lilliston Corp. and Lehman Equipment Co. v. John Deere Co. | Civil Action No. 73C638 |

#### Eastern District of North Carolina

| | |
|---|---|
| Kelley Mfg. Co. v. Lilliston Corp. | Civil Action No. 1295 |