**In re BOURNS PATENT LITIGATION.**
**No. 179.**

Judicial Panel on Multidistrict Litigation.

Dec. 4, 1974.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

Marlan E. Bourns is the owner of a patent concerning "variable resistors." In a prior action involving the Bourns patent the Nebraska district court held certain claims of the patent invalid. Bourns, Inc. v. Dale Electronics, Inc., 308 F.Supp. 501 (D.Neb.1969). Undaunted by that decision, plaintiffs soon thereafter filed an action in the Northern District of Illinois charging Allen-Bradley Co. and five other defendants with infringement of the Bourns patent.[1] Earlier this year the Illinois court denied plaintiffs' request that the *Allen-Bradley* action proceed as a defendant class action and, immediately subsequent to that decision, plaintiffs instituted seven other actions in five different districts charging various additional defendants with infringement of the Bourns patent.[2]

Plaintiffs now move the Panel for an order transferring all of these actions to the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. All defendants oppose transfer, except Carter Manufacturing Corp. and Beckman Instruments, Inc.[3] We find insufficient basis for transfer under Section 1407 and, accordingly, deny plaintiffs' motion without prejudice to the right of any party to move for transfer at a later time.

Since each defendant challenges the validity of the Bourns patent, plaintiffs contend that transfer of all actions to the Northern District of Illinois is necessary to prevent duplication of discov-

---

* Judge Lord was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. Bourns, Inc. v. Allen-Bradley Co., N.D.Ill., 348 F.Supp. 554.

2. An additional action has been commenced by plaintiffs against the United States in the United States Court of Claims. This action, however, is not before the Panel for purposes of transfer.

3. Defendant Carter Manufacturing Corp. failed to respond to plaintiffs' motion. Defendant Beckman Instruments, Inc. does not oppose plaintiffs' motion, but contends that if these actions are transferred, they should be assigned to Judge Richard E. Robinson in the District of Nebraska, who is familiar with the technical subject matter of this litigation.

ery concerning that common issue. In addition, plaintiffs argue that the question of whether they are collaterally estopped, as a result of the decision in Bourns, Inc. v. Dale Electronics, Inc., *supra*, from asserting certain claims against these defendants is an issue common to all actions and should be decided by a single judge. Thus, they also urge Section 1407 treatment of this litigation to eliminate the possibility of inconsistent rulings among the potential transferor courts.

Because of the posture of the *Allen-Bradley* action in Illinois, we are not convinced that transfer of these actions for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation. It appears from the papers filed before the Panel and oral argument at the hearing held to consider plaintiffs' motion that discovery in the *Allen-Bradley* action involving the common issues of patent validity and enforceability is complete and that commencement of trial before the Illinois court is imminent. As a result of the collateral estoppel doctrine enunciated by the Supreme Court in Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), we have consistently denied transfer of actions in patent litigation where one of the actions was proceeding expeditiously toward trial on the common issue of validity. In re Disposable Diaper Patent Validity Litigation, 362 F.Supp. 567 (Jud.Pan.Mult.Lit. 1973); In re Lehman Equipment Co. Patent Infringement Litigation, 360 F.Supp. 1402 (Jud.Pan.Mult.Lit. 1973).

Moreover, defendant Allen-Bradley Co. has a motion pending in the Illinois action pursuant to Rule 42(b) of the Federal Rules of Civil Procedure seeking a separate trial on the sole issue of whether the unadjudicated patent claims in Bourns, Inc. v. Dale Electronics, Inc., *supra*, define an invention separate and distinct from that defined in the claims previously adjudicated in that action. If defendant's motion is granted and defendant prevails on the merits, the decision of the Illinois court could possibly favor the other defendants in their respective actions and obviate the necessity for any further pretrial discovery.

Thus, we are not persuaded that the statutory criteria embodied within Section 1407 have been met at this time and are satisfied that suitable alternatives to transfer exist. Nonetheless, our denial of transfer is without prejudice to any party's right to seek Section 1407 treatment if it feels that future circumstances so require.

It is therefore ordered that the motion to transfer the actions listed on the attached Schedule A be, and the same hereby is, denied, without prejudice to the right of any party to move for transfer at a later time.

### SCHEDULE A

#### District of Rhode Island

| | |
|---|---|
| Bourns, Inc., et al. v. Amperex Electronics Corp. | Civil Action No. 74–121 |

#### District of Massachusetts

| | |
|---|---|
| Bourns, Inc., et al. v. Carter Manufacturing Corp. | Civil Action No. 74–2025–S |

#### Northern District of Indiana

| | |
|---|---|
| Bourns, Inc., et al. v. CTS Corp. | Civil Action No. S74–111 |

#### District of New Jersey

| | |
|---|---|
| Bourns, Inc., et al. v. Electra-Midland Corp. | Civil Action No. 74–744 |
| Bourns, Inc., et al. v. Mepco, Inc. | Civil Action No. 74–745 |

#### Eastern District of Pennsylvania

| | |
|---|---|
| Bourns, Inc., et al. v. Vishay Intertechnology, Inc. | Civil Action No. 74–1258 |
| Bourns, Inc. v. Reon Resistor Corp. | Civil Action No. 74–1365 |

#### Northern District of Illinois

| | |
|---|---|
| Bourns, Inc. v. Allen-Bradley Co. | Civil Action No. 70C1992 |